The Michigan Southern and Northern Indiana Railroad Company, Appellant, *v.* John Meyres, Appellee.

### APPEAL FROM COOK.

A railroad corporation will not be held liable for lost baggage, unless it is shown to have been in its possession, or that the company had contracted in some way to transport the baggage.

Voluntary assistance by the agents of the company in looking for the baggage, or an offer by way of gratuity, to pay on account of it, will not render the company liable.

THIS was a suit in assumpsit, by Meyres against the company. The declaration alleged defendant to be a common carrier from Cleveland *via* Toledo to Chicago ; that on the fourth day of May, 1855, at Cleveland, plaintiff delivered to defendant certain goods and chattels, containing the baggage of the plaintiff, to wit: one trunk and one package, marked John Meyres, Chicago, Illinois, of the value of $419.59, to be delivered to him at Chicago; the defendant so negligently carried the same, that they were lost. The count was a count in trover for the same goods.

The plea of general issue was filed.

On the trial the plaintiff offered a deposition of *William Daily*, to the reading of which defendant objected for its irrelevancy ; objection overruled, exception taken. Said Daily testified that he was baggage-master for Cleveland and Pittsburgh Railroad Company, in June, 1855, June 25th. A paper shown was written by me, which paper is as follows :

This is to certify, that I sent Mr. John Meyres' baggage to Chicago, in May last; the baggage was lost by him at Cleveland, on his way from New York to Chicago ; the baggage was double checked for Chicago from this place, on or about the middle of May. (Signed) WILLIAM DAILY.

Mr. Meyres was here at that time, in search of his baggage, which he claimed to have been lost. Exhibit B. is a letter written by me to the then baggage-master of the Southern Michigan and Northern Indiana Railroad Company at Chicago, as follows :

*Dear Sir:*—I have received some five or six letters about that baggage of Mr. Meyres ; I supposed that he had it long ago; it was double checked and sent to Chicago four or five weeks ago. If it has not got to Chicago yet, it must be at Toledo. Dated June 14th, 1855.

Exhibit C. is a telegraph reply to a dispatch received by me from Mr. Meyres, inquiring about his baggage, as follows :

John Meyres, sent your things to Chicago two days ago.
WILLIAM DAILY.

The baggage consisted of two or more chests ; the letter exhibit B. was written in answer to a letter from the baggage-master of defendant at Chicago, making inquiries in relation to Mr. Meyres' baggage. The luggage claimed by Meyres, was in my possession in May, 1855 ; it came in on the train from Pittsburgh, and was unclaimed at the depot. Mr. Meyres went on without claiming it; it was in my care a short time, probably one day. Meyres telegraphed from Toledo inquiring about it, and I then sent it on checked to Chicago. I received the dispatch

in the course of my employment at the depot, and forwarded the luggage upon receiving the dispatch.

*De Witt Robinson*, called by plaintiff, testified as follows:

I reside in Chicago; have been employed by defendants two years. Am now in their employ; I recognize Mrs. Meyres; I am in defendant's office, Dearborn street; she was there frequently, inquired for baggage several times in the summer of 1855.

I recollect of Mrs. Meyres coming with a witness; I never knew the baggage was burnt, or that it was in possession of the company, and I could not have made the answer; all I said was, that we had made inquiry after the baggage; I was all this time making an effort to find it; she was in six or eight times to see about the baggage; I don't know that the baggage was ever in defendant's possession; I have made frequent inquiries about it at our depot in Toledo, but could never hear anything of it; I gave instructions to the baggage-master to look out for it, and frequently made inquiries about it of him. I wrote about the baggage at the request of Mrs. Meyers; Toledo is the eastern terminus of defendant's road. From that place east, the Cleveland and Toledo Railroad runs; it is an independent corporation; defendant has no agent in Cleveland to receive baggage that I know of.

I know Mrs. Meyres; I had a conversation with her in presence of the witness; it was in regard to finding baggage; at that time I may have talked to her about her losing it; there may have been other parts of her conversation that I do not remember; the defendant checks baggage over the Cleveland and Toledo road to Cleveland and Buffalo; I can only speak of baggage, I have no knowledge of the freight; my impression is that goods are shipped from Cleveland for Chicago, over the Cleveland and Toledo road, and on reaching Toledo, the charges are paid by defendant's company who collect the whole here; when baggage is mislaid, we put two checks on it for its destination; the object is to designate it as stray baggage, and secure extra care.

Plaintiff's counsel called *John Meyres*, who testified: I am plaintiff in this suit. Defendant objected to witness testifying in his own case; first because he had not established the fact of delivery of his baggage to defendant, and secondly, objected to witness stating the contents of his baggage, because said contents are not specifically set out in the declaration, which objections were overruled by the court, and exceptions then and there taken by defendant. Meyres was allowed to testify, and proved the quantity and value of things in the trunks and boxes.

*George M. Gray* testified, that he was agent of defendant, and had been for five years; Toledo is the eastern, and Chicago

the western terminus of defendant's road; the Cleveland and Toledo Railroad runs east from Toledo; defendant has no other business connection with that company; we run to and from them, giving them business and taking business from them, both passengers and freight; defendant has no agent in Cleveland for receiving baggage; the baggage-master at Cleveland, whose deposition has been read, is not authorized to receive baggage for defendant; he is not subject to their orders; he is not an employee of defendant; I know nothing of this baggage having been in possession of defendant; I have made inquiries for it and written for it; in my absence, Mr. Robinson acts for me.

I am general agent of defendant at Chicago; don't know William Daily—may have had some letters from him; I made inquiries because Mrs. Meyres came to my office in great distress; inquired at the depot and wrote to Cleveland; I never offered to settle with Mrs. Meyres by way of compensation; I have offered her $30; I wrote a receipt; it was not a written acknowledgment of any claim; do not remember the exact wording of the receipt; I think it was simply a receipt of $30 on account of charity, she claiming damage on account of lost baggage at that time; we are in the habit of giving sums frequently; we use the word charity in such cases.

The jury found for the plaintiff, $400; defendant moved for a new trial; the court overruled the same on the condition that the plaintiff would remit one hundred and twenty-eight dollars and forty-seven cents, which he did; motion overruled; defendant excepted; judgment for plaintiff, $271.53.

The errors assigned are that—

1. The court erred in admitting the deposition of William Daily.

2. The court erred in admitting the testimony of the plaintiff.

3. The court erred in overruling the defendant's motion to strike out all the testimony in the case, where plaintiff rested.

4. The court erred in refusing each of the aforesaid instructions as asked.

5. The court erred in qualifying the aforesaid instructions of the defendant severally.

6. The court erred in overruling the motion for a new trial.

7. The court erred in rendering the judgment aforesaid in manner and form aforesaid.

N. B. JUDD, and B. C. COOK, for Appellant.

G. F. CROCKER, for Appellee.

WALKER, J. The evidence in this case shows that Daily was the baggage-master and agent of the Cleveland and Pittsburgh Railroad Company. That as such he received the baggage in question from the appellee, and checked it for Chicago. It fails to appear that this baggage ever came into the possession of appellants. Nor does the evidence show that Daily was their agent, or was in any manner acting for them. The road of which Daily was the agent, did not even connect with the road of appellants, and for aught appearing, the baggage may never have reached their road, but may have been lost on the Cleveland and Toledo road, which formed the connection between the Cleveland and Pittsburgh road and appellants' road. And if the loss occurred before the baggage reached appellants' road, there is no evidence in the record which tends in the slightest degree to render appellants liable. To create such a liability, the property should have been shown to have come to their possession, and to have been lost by them, or that, they had by contract at Cleveland, undertaken to transport this baggage to Chicago, and neither appears from the evidence.

The company have not recognized the justice of appellee's claim. It is true, that the agents of the company made efforts to find the lost baggage, but they when doing so, did not admit, that it was done as a duty, or to avoid liability. The effort was made to ascertain whether the baggage ever came into the possession of the road, and to accommodate appellee as a matter of kindness on the part of the officers, as they testify. There is no principle of law or rule of evidence that would authorize an inference, of the acknowledgment of liability by the company, from such acts. When such deductions shall be made from such premises, and sanctioned by courts, an effectual bar will be interposed to the extension of kindly assistance by the officers of these roads, which is of such great value to the traveling public. If such acts are to be construed into a recognition of their liability, when loss occurs, the roads would be deterred from rendering any assistance in its recovery, and leave the unfortunate loser to recover his property as best he might. But such is not the law.

It was urged that appellants recognized their liability by the offer of thirty dollars to appellee. The agent of the road who made the offer, testifies that it was made as a gratuity, and for the purpose of a compromise, but that no liability was admitted or intended to be recognized. Such an offer could by no rule of evidence be held to amount to an admission of a liability by appellants. An offer made by way of compromise of differences has never been held to establish any recognition of

the liability for the claim being asserted, but has always been treated, as it is, an offer to buy peace and to end strife.

The evidence in the case does not justify the finding of the jury, and the court below erred in overruling the motion for a new trial.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*