JOHN DAVIS, Plaintiff in Error, *v.* THE MICHIGAN SOUTHERN AND NORTHERN INDIANA RAILROAD COMPANY, Defendant in Error.

### ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

The delivery of a baggage check by a railroad company, is *prima facie* evidence that the company has the baggage.

If on a change of passage from one railroad to another, the agent of the road does not find the baggage which is checked, he should give immediate notice to the owner, or the company owning the road on which the passenger embarks, will be held liable.

The owner of lost baggage should not be permitted to prove the value of the articles in which it is packed. So of other articles, the value of which may be established from description.

A revolver is included in personal baggage.

A party should not be allowed to recover for an unreasonable amount of money lost with his baggage. If he has money beyond what is necessary for his personal expenses in his baggage, the company should be notified.

A trunk is not a proper place for a passenger on a railroad, to carry money for his traveling expenses.

The testimony of a party, who from time to time, increases his demands for the value of the lost baggage, should be received with caution.

THIS was a suit against defendant as common carrier of passengers and baggage, the suit being for baggage of plaintiff, lost by defendant. Plea, general issue; joinder, and jury waived, and trial had by court.

The plaintiff introduced the railroad checks of defendant, Nos. 2 and 991, and proved that they were the evidence of baggage deposited with the defendant for transportation, and plaintiff was then sworn as witness in the case, and proved contents of trunk and carpet bag—being baggage lost—and the value thereof, amounting in the aggregate to $915.25.

Which testimony was objected to by counsel for defendant.

On cross-examination, plaintiff as witness, swears, that the contents of said trunk and carpet bag, or the value of the articles, was not made known to defendant or its agents; that he never saw his baggage after leaving Dunkirk; that about twelve miles beyond Toledo, on the Ohio, Grafton and Toledo road, the two checks above mentioned, were given him in exchange for checks received at Dunkirk; the two packages, trunk and carpet bag, were found missing at Chicago; saw agent of defendant at Chicago, and made application for my baggage, and said to the agent (Mr. Gray), that if he would give me my diplomas, (medical), that I would let the rest go; mentioned the money to Mr. Gray, when he took a memorandum of the contents of the lost baggage. Three trunks were alike in general appearance, one being smaller than the others; the contents of the trunks not lost, were of the value of fifteen hundred dollars.

The defendant introduced *George M. Gray* as a witness, who testified that he was the general passenger agent of defendant, and has so acted for five years past; that we employ agents to go on board cars of Cleveland and Toledo Railroad, who exchange our checks for the checks of that company, with those passengers who come this side of Toledo. This check, No. 2, (check produced by witness) is the duplicate of the one held by the plaintiff; we have also the check for which it was given, belonging to the Cleveland and Toledo Railroad Company, also the strap check, No. 991, corresponding with the other check of the plaintiff; these checks were found at Toledo; Dr. Davis called on me and produced his checks; said he had lost a trunk in which were some diplomas, and family relics; said nothing

about gold or valuable articles in the three first interviews, afterwards he claimed that there was gold and valuable clothing; never said he had gold or money of any kind in the trunk at the first interview. We sent to Toledo for the baggage, and used all diligence to find it.

*E. D. Robinson,* witness for defense, testified to being ticket agent, and that the tickets of defendant for three years past have had printed on the backs of each ticket the words, "This ticket entitles the holder to not over eighty pounds of baggage, but not at any rate exceeding in value $100, unless notice is given, and an extra amount paid at double first-class rates," as upon this ticket now shown the court.

Plaintiff, by his attorney, objected to the introduction of this ticket and the testimony in relation thereto. Overruled by the court, and exception taken.

Witness testified further, that similar language and to the same import was on the tickets sold over the New York and Erie Railroad to Chicago; this has been the practice for more than two years.

To all of which testimony on part of defendant, objections were made by plaintiff, which were overruled by the court, J. M. WILSON, judge, who tried the case.

And afterwards, to wit: At the February term of said Court of Common Pleas for the year 1857, the judge of said court then and there rendered judgment in favor of plaintiff, for one hundred dollars and costs of suit, a jury having been waived.

Whereupon plaintiff, by his attorney, enters motion for new trial, on ground of improper testimony being admitted, and that judgment was against evidence, which motion was overruled. The plaintiff below brought the case to this court.

SHUMWAY, WAITE & TOWNE, and J. W. CHICKERING, for Plaintiff in Error.

B. C. COOK, for Defendant in Error.

BREESE, J. The delivery of a check to a passenger is intended to relieve him from all care and superintendence of his baggage while on its journey, and devolves such care upon the agents of the several roads over which it passes, and must be considered as *prima facie* evidence of the delivery of the baggage. On the exchange of checks, before reaching Toledo, if the baggage master could not find the trunk and carpet bag, which it seems were connected together and marked with one check, on the Cleveland cars, he should have given immediate notice to the owner from whom he received the check; not having done so,

the company must be held to have received the trunk and bag, and to be liable for the loss, and for the value of such of their contents, as can be properly denominated baggage. Was it not for this exchange of checks, the defendant would not be liable; the remedy would be against the Cleveland and Toledo Railroad Company.

On the trial of this cause, the plaintiff was sworn as a witness to prove the contents of the lost trunk and carpet bag, and he stated their value at nine hundred and fifteen dollars and twenty-five cents, and presented an inventory of the different articles contained in each. The plaintiff was also permitted to prove the value of the trunk and carpet bag, which under the decision of this court in the case of *Parmelee* v. *McNulty*, 19 Ill. R. 558, he was not authorized to do, nor the value of any other article which could be established by other than his own evidence. The court say in that case, "The law permits a party to be a witness in his own cause for the purpose of proving the contents of lost baggage, and even its value when he cannot adduce other evidence of those facts. This is an exception to the general rule of law, and should not be extended beyond the necessity which gave rise to it."

Besides the trunk and carpet bag, the value of many of the other articles said to have been contained in them, could have been well proved by other evidence, such as the coats, vests, pants, shirts, etc.,—by a description of them, any dealer in those articles could have established their value.

But were the articles contained in the inventory, sworn to by the plaintiff, baggage? The wearing apparel is unquestionably baggage, and so must the revolver be regarded, under the authority of the case of *Woods* v. *Devin*, 13 Ill. R. 751.

Regarding the revolver as baggage, and of the value of twenty-five dollars, that, and all the necessary other baggage amounts in value, as sworn to by the plaintiff himself, to ninety-three dollars and fifty cents only, whereas he has recovered a judgment for one hundred dollars, and should not complain. The money sworn to, whether bank notes, gold or silver, does not appear, and amounting to four hundred and thirty-nine dollars, cannot be considered in any proper sense, as baggage. Unless it was in gold and silver, a trunk is no place to carry it, in railroad traveling, even if wanted for traveling expenses, for it cannot be readily got at, for use. Besides the sum is unreasonable for such purpose. When a through ticket for Chicago is bought and paid for in New York, the passenger does not require but a small sum to carry him through, and if he travels with much more, and leaves it in his trunk, in the baggage car, giving no notice of its contents to the company, he ought not to

19

recover for its loss. If it be gold and silver coin, or bank notes, then he should inform the company of the contents, and pay extra for its transportation and care over it, if demanded.

The money not being fairly included in the term baggage, the conduct of the plaintiff was a virtual concealment of the sum—his representation of the trunk and its contents as baggage, in the customary sense of that term, was unfair and calculated to impose on the company, and that of itself would exonerate them, on the authority of the case of *The Chicago and Aurora Railroad Company* v. *Thompson*, 19 Ill. R. 578.

But we are not without our suspicions, and we think well grounded, that the great value now placed upon the contents of the trunk, is wholly an after-thought.

George M. Gray, the general passenger agent of the defendants, testifies, that the plaintiff called on him, and produced his checks, and said he had lost a trunk in which were some diplomas and family relics, saying nothing about gold or valuable articles in the first three interviews. Afterwards he claimed that there was gold and valuable clothing. At the first interview, he did not say he had gold or money of any kind in the trunk. On one occasion, Gray testifies, but on what occasion is not shown, and is therefore not evidence, that the plaintiff said he had but one ticket and paid extra for baggage. The plaintiff in his testimony swears, that the contents of the trunk and carpet bag, or the value of the articles were not made known to the defendants or their agents, and that he never saw his baggage after leaving Dunkirk. He says he saw the agent of the defendants at Chicago, and made application for his baggage, and said to the agent, Mr. Gray, that if he would give him his medical diplomas he would let the rest go. He says he mentioned the money to Mr. Gray when he took a memorandum of the contents of the lost baggage.

Now, it is incomprehensible that any man of ordinary sagacity and intelligence, on losing property so valuable as the contents of this trunk are now stated to be, and so large a sum of money, more than four hundred dollars, should not at once have stated the fact to the agent of the company to be made responsible, if for no other purpose than to prompt immediate and efficient action by the company, to trace out the loss. When told by the plaintiff, or given by him to understand, that the medical diplomas were of the most value to him, and that, for them, he would give up all else, they had no great incentive to exercise any unusual vigilance to recover the property.

In three interviews the plaintiff had with the agent of the company, he never hinted of gold, money or valuable articles being in the trunk. It was not until he had thought the matter

over, and probably been advised that he could swear to the contents of the trunk and their value, that he came to the conclusion that the chances of success were worth the risk of converting, by his own oath, some medical diplomas, and old family relics, into valuable jewelry and money.'

In all such cases, where the opportunity for detection is slight, the strongest possible inducements are presented to those not over scrupulous, for making large statements of such losses, and magnifying the value of every article. Courts and juries therefore, should be very cautious in receiving such testimony, and if there be a shade upon it to discard it.

The fact that the plaintiff made no such claim as he now makes, in the first interviews with the agent, satisfies us that the claim for more than the court allowed him is fabricated.

The judgment of the court below is affirmed.

*Judgment affirmed.*