THE CHICAGO, ROCK ISLAND AND PACIFIC R. R. Co.

*v.*

SARAH A. CLAYTON.

1. CARRIER—*evidence of receipt of baggage.* The delivery of a baggage check by a railroad company to a passenger is *prima facie* evidence that the carrier has received the baggage it represents. Such evidence may be overcome by proof to the contrary, but the burden of proof is upon the carrier to show a non-delivery.

2. SAME—*liable if it receives baggage after giving check.* It is immaterial when baggage comes to the possession of the carrier, whether at the time the check is issued, or at a subsequent time. In either case its liability as an insurer becomes fixed in case of a loss.

3. SAME—*sufficiency of proof to show receipt of baggage.* Where a railway company received a passenger's check for baggage, which had not then arrived by another road, and gave its own check for the same, and it appeared that it surrendered the passenger's first check to the other railway company, it was *held,* that this was sufficient, in the absence of proof to the contrary, to show that the baggage was received by the company so surrendering the first check.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of assumpsit, by Sarah A. Clayton against the Chicago, Rock Island and Pacific Railroad Company, to recover the value of lost baggage. The opinion of the court states the substance of the material facts.

Mr. THOMAS F. WITHEROW, and Mr. G. S. ELDRIDGE, for the appellant.

Messrs. BUSHNELL, BULL & GILMAN, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The delivery of a baggage check by a railroad company to a passenger is evidence the carrier has received the baggage it represents. *Davis* v. *Michigan Southern and Northern Indiana Railroad Co.* 22 Ill. 278. It is but *prima facie* evidence, however, and may be overcome by proof, as it has been in the case at bar, that the baggage was not, in fact, delivered to the carrier at the time the check was issued.

The only material question in the case we are considering is, whether the baggage of plaintiff subsequently came to the possession of defendant. It is immaterial when the baggage comes to the possession of the carrier, whether at the time the check is issued, or at a subsequent time. When it is once established the baggage is in the hands of the carrier to be transported to the destination of the passenger, its liability as an insurer becomes fixed, in case loss should occur.

Both parties agree that, when plaintiff reached Chicago from the East, her baggage had not arrived. She was desirous of pursuing her journey at once, to Utica. After some consultation, she surrendered the check she had received from the Fort Wayne road for her baggage, to the baggage-master of defendant's road, at Chicago, and received a check from him for it over defendant's road, on which she took passage to Utica. It was understood defendant's agent was to receive plaintiff's baggage from the former carrier so soon as it should arrive, and forward it to her at Utica.

The only controverted point in the case is, whether plaintiff's baggage did, in fact, come to the hands or the possession of defendant. Although slight, we think the evidence is

sufficient to warrant the finding of the jury that it was received by defendant.

The witness, Cook, who was the baggage agent for defendant at Chicago, says that he sent the check to the Fort Wayne depot, but the baggage never came over to defendant's depot, to his knowledge. It is known to be a general custom, that a railroad company will not deliver baggage unless the check previously given to the owner is surrendered. Notwithstanding the possession of the check, as we have seen, is evidence the baggage has been delivered to the carrier, it is not conclusive. It makes a *prima facie* case in favor of the holder, and shifts the burden of proof upon the carrier to show it was not delivered. It is distinctly proven the check was sent to the Fort Wayne road by defendant's agent, and there is no evidence that it was retained. The agent does not claim that he ever received it back. The inference is, it must have been delivered to the former carrier, and if it was surrendered, it is evidence from which the jury might fairly infer the baggage it represented was delivered to defendant, nothing to the contrary appearing.

The case, as made by the evidence, is within the principle of *Davis* v. *Michigan Southern and Northern Indiana R. R. Co. supra,* and is clearly distinguishable from *The Michigan Southern and Northern Indiana Railroad Co.* v. *Meyres,* 21 Ill. 627. In the latter case there was no evidence the baggage of the passenger came to the possession of the carrier sought to be charged. The company had undertaken to do the plaintiff in the case a friendly act, and that was the extent of its undertaking, which, of course, created no liability. Had it been shown the baggage of plaintiff, in fact, came to the hands of defendant, in that case a very different question would have been presented.

The case at bar was submitted to the jury fairly, under instructions quite favorable to defendant, and we can discover no sufficient reason for disturbing the verdict.

The judgment must be affirmed.

*Judgment affirmed.*