### ATCHISON, TOPEKA & SANTA FÉ RAILROAD CO. V. JOSEPH S. BREWER.

LOST BAGGAGE; *Liability of Railroad Company.* B. bought a railroad passenger ticket at Bloomington, Illinois, for Wichita, Kansas, via Kansas City, Missouri, and the A. T. & S. F. Railroad. At Kansas City his trunk was checked by the said railroad company over its road to Wichita, and he received a check therefor. He was carried over the road as a passenger, and after arriving at Wichita, presented the check to the proper officers of the company, and inquired for his trunk. It could not be found. *Held,* the said railroad company was liable to B. for the baggage.

*Error from Reno District Court.*

BREWER had judgment, at November Term 1877, of the district court, for $103.26, and costs, and the *Railroad Company* brings the case here on error.

*Ross Burns,* and *J. G. Waters,* for plaintiff in error.

*James McKinstry,* and *H. Whiteside,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Defendant in error sued plaintiff in error before a justice of the peace, to recover for lost baggage. Both parties appeared by counsel, a trial was had, and a judgment was there obtained against the plaintiff in error. The case was thereafter appealed to the district court by the railroad company, and upon the trial the company interposed a demurrer to the testimony offered by defendant in error. The demurrer was overruled, and judgment rendered for Brewer. The judgment is alleged to be erroneous, first, because the defendant in error failed to prove the incorporation of the company; and second, because the testimony did not prove any contract of carriage.

We dispose of the first point upon the authority of the *Mo. River Ft. S. & Gulf Rld. Co. v. Shirley,* just decided, (*ante,* p. 660,) wherein we held that a corporation, by appearing to a suit, thereby admits its corporate existence.

The testimony was to the effect, that defendant in error started from Bloomington, Illinois, where he bought his ticket for Wichita, in June 1876; that he paid $23.50 for the ticket, and had his trunk checked to Kansas City, Mo. At Kansas City he re-checked the trunk over the road of plaintiff in error, and received a baggage-check in return from said railroad company. The check was presented in evidence. It was numbered 1964, and had the letters "A. T. & S. F. R. R.," stamped thereon. Brewer was carried over the railroad to Wichita, as a passenger, and called there on the officers of the company for the trunk several times, but could never obtain it. It could not be found. The trunk and contents were worth over one hundred dollars. The possession of the check by the defendant in error was evidence against the company of the receipt of the trunk, and the proof that the baggage could not be found, when inquired for and demanded by the passenger, raised a presumption of negligence on the part of the company. The evidence was clearly sufficient to fix the liability of the company for the loss of the trunk.

The judgment of the district court must be affirmed.

All the Justices concurring.