Cleveland, Cincinnati, Chicago and St. Louis Railway Co. v. Tyler.

No. 906.

The Cleveland, Cincinnati, Chicago and St. Louis Railway Company v. Tyler.

Railroad.—*Baggage, Refusal to Deliver.—Damages.—Sufficiency of Complaint.*—Where the complaint, in an action for damages for failure and refusal of a railroad company to deliver checked goods, shows a delivery for carriage by the owner, a demand by the same owner for their delivery at the place of destination, and an absolute, unqualified and continued refusal by the carrier to deliver them, a *prima facie* case against the company has been established.

Same.—*Same.—Matter of Defense.*—If there be any good reason or valid excuse for the refusal to deliver, it should be set up by the company.

Pleading.—*Complaint not Aided by Verdict where Judgment is by Default.*—Where judgment is by default, the complaint is not aided by the verdict, but must stand unsupported save by its own averments.

From the Warren Circuit Court.

*B. K. Elliott, W. F. Elliott, H. M. Steely* and *J. T. Dye,* for appellant.

*E. F. McCabe,* for appellee.

Gavin, C. J.—Appellee's complaint shows that she purchased a ticket and became a passenger on appellant's train, to be carried from Veedersburg to Covington. After purchasing her ticket, she delivered her valise to appellant to be carried to Covington, and received a metal check as evidence of its delivery and of its identity and ownership; that on arriving at Covington she demanded of appellant said baggage, but appellant "failed and refused, and still fails and refuses, to deliver the same to her." Judgment is asked for its value. There was default; motion to set aside the default overruled; trial by jury of the question of value; motion for new trial overruled and judgment for appellee.

Vol. 9—44

The first assignment of error questions the sufficiency of the complaint. Where judgment is by default, the complaint is not aided by the verdict, but it must stand unsupported save by its own averments. *Old* v. *Mohler,* 122 Ind. 594.

The objection presented to this complaint is that it does not aver a presentation of the check accompanying the demand. A check is not the contract upon which appellee's rights depend. The check is but the evidence of its delivery and of her identity and ownership. The duty of a carrier to safely carry the passenger's baggage arises from the contract of carriage of the passenger himself. 3 Woods' Am. Ry. Law, section 403 ; Thompson Carriers, 514 ; *Chicago, etc., R.R. Co.* v. *Clayton,* 78 Ill. 616 ; *Hickox* v. *Naugatuck R. R. Co.,* 31 Conn. 284 ; *Ahlbeck* v. *St. Paul, etc., R. W. Co.* (Minn.), 40 N. W. Rep. 364 ; *Mississippi, etc., R. R. Co.* v. *Kennedy,* 41 Miss. 671 ; *Smith* v. *Boston, etc., R. R. Co.,* 44 N. H. 325 ; *Oakes* v. *Northern Pac. R. R. Co.* (Ore.), 47 Am. and Eng. R. R. Cases 437.

Checks, while in some respects analogous to, differ essentially from bills of lading which themselves form the basis of the contract with the carrier, and are the exclusive evidence of that contract. *Louisville, etc., R. R. Co.* v. *Wilson,* 119 Ind. 352 ; *Snow* v. *Indiana, etc., R. W. Co.,* 109 Ind. 422.

The check is not conclusive but *prima facie* evidence only of the receipt of the property by the carrier. *Chicago, etc., R. R. Co.* v. *Clayton, supra; Davis* v. *Michigan, etc., R. W. Co.,* 22 Ill. 278.

Neither is it essential that there should be any check in order that the carrier's liability should be created. *Minter* v. *Pacific R. R. Co.,* 41 Mo. 503 ; *Green* v. *Milwaukee, etc., R. R. Co.,* 38 Iowa, 100 ; *Camden, etc., Co.* v.

Cleveland, Cincinnati, Chicago and St. Louis Railway Co. v. Tyler.

*Belknap*, 21 Wend. 353; *Lake Shore, etc., R. W. Co.* v. *Foster*, 104 Ind. 293.

The check then being merely evidence of a passenger's rights, as to his baggage, and being neither conclusive evidence, nor the only evidence by which they may be established, we are of opinion that when the complaint shows a delivery for carriage by the owner, a demand by the same owner for their redelivery at the place of destination, and an absolute, unqualified and continued refusal by the carrier to deliver them, a *prima facie* case against the company has been established. If there be any good reason or valid excuse for the refusal, it should be set up by the company.

In *Harman* v. *Moore*, 112 Ind. 221, we find this general statement of the law: "It is quite true 'that a pleading founded on a contract is never complete, either in form or substance, unless it alleges a breach,' but it is also true that where a contract requires the delivery of personal property, a complaint on such contract, which alleges a demand for the property, and that the defendants refused to deliver it, and that in consequence of such refusal the plaintiff has sustained damage, sufficiently states a cause of action for a breach of the contract." In the case at bar we have present all these elements: viz., a contract to deliver, a demand, a refusal and damage.

We have no doubt but that the company is entitled to demand the production of the check, or, in case of its loss, a reasonable identification of the owner and proof of ownership. We can see no hardship imposed on the company by requiring them to call for the check when the true owner demands his goods, if they desire this proof of his identity and ownership. The question comes to us simply as a matter of pleading requiring us to determine only where lies the burden of proof, whether

Cleveland, Cincinnati, Chicago and St. Louis Railway Co. *v.* Tyler.

upon the owner of the property to prove that the company had no excuse, or upon the company to set up its excuse if it had one, and relied upon it.   Our view of the proposition is supported both by reason and the authority of analogous cases.

In the *Great Western R. W. Co.* v. *Goodman*, 12 C. B. (C. L.) *313, the company's by-law provided that passengers should be allowed a certain amount of baggage, but that the "company would not be responsible for its loss, unless booked and paid for accordingly."

The evidence showed that the company received the baggage, but it was not booked nor paid for accordingly. The company was held liable for loss, in the absence of evidence that the company provided means for booking, it being the duty of the company to show that there were such means, rather than of the passenger to prove the contrary.

In *Pittsburgh, etc., R. W. Co.* v. *Racer*, 5 Ind. App. 209, it is said:   "A common carrier is liable in damages for refusal to carry without reasonable excuse.   It is for the carrier to show the excuse."

In an action for killing stock, if it be alleged that the road was not fenced where the stock entered, the plaintiff is not required to allege, also, that it could not be fenced.   Such excuse for not fencing must come from the company.   *Lake Erie, etc., R. W. Co.* v. *Fishback*, 5 Ind. App. 403, and cases there cited.

In *Louisville, etc., R. W. Co.* v. *Nicholai*, 4 Ind. App. 119, it is decided that although there was a limitation of liability for loss of baggage, to $100 only, yet where baggage in excess of this amount was lost, and the carrier would not attempt to account for his refusal to deliver, the presumption of negligence was raised against it.

In *Terre Haute, etc., R. R. Co.* v. *Sherwood*, 132 Ind.

129, it is said: "The shipper, in the first instance, makes out his case by proving his contract and the non-delivery of the goods." It is then further held that if there is any ground for exemption from such liability, the carrier must show it.

We do not regard as controlling the casual statement in the case of *Laffrey* v. *Grummond*, 74 Mich. 186. The question under consideration here was not involved in that case.

There was no error in refusing to set aside the default, nor in overruling the motion for new trial.

Judgment affirmed.

Filed Nov. 22, 1893; leave granted to withdraw petition for rehearing May 9, 1894.