CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY V. ANGELINE STEEAR.

FILED DECEMBER 21, 1897.   No. 7665.

1. Carriers: LOSS OF BAGGAGE: EVIDENCE: CHECKS.  A check for baggage is *prima facie* evidence that the baggage it represents has been delivered to the issuing company by the person to whom the check is issued.  The introduction of the check in evidence is such proof of the fact of the delivery of the baggage as to cast the burden on the party contesting the fact of proving to the contrary or showing the nondelivery.

2. **Conflicting Evidence:** REVIEW. The finding of fact by a trial court based on conflicting evidence will not be disturbed on error to this court unless clearly wrong.

ERROR from the district court of Clay County. Tried below before HASTINGS, J. *Affirmed.*

The opinion contains a statement of the case.

*J. W. Deweese, L. G. Hurd,* and *F. E. Bishop,* for plaintiff in error:

A passenger's check for baggage is only *prima facie* evidence that the carrier received the baggage, and may be rebutted by proof that the carrier did not, in fact, receive it. (*Ringwalt v. Wabash R. Co.,* 45 Neb. 760; *Marquette, H. & O. R. Co. v. Kirkwood,* 45 Mich. 51; *Isaacson v. New York C. & H. R. R. Co.,* 16 Am. & Eng. R. Cas. [N. Y.] 193; *Michigan Southern & N. I. R. Co. v. Meyres,* 21 Ill. 631; *Chicago, R. I. & P. R. Co. v. Clayton,* 78 Ill. 616.)

The carrier is not liable, as the evidence shows that the loss was due to the agents of the passenger. (*Ringwalt v. Wabash R. Co.,* 45 Neb. 760; *Missouri P. R. Co. v. McFadden,* 154 U. S. 155.)

*Thomas H. Matters, contra.*

References: *Davis v. Michigan S. & N. I. R. Co.,* 22 Ill. 278; *Thornton Check v. Little M. R. R. Co.,* 2 Disn. [O.] 238; *Davis v. Cayuga & S. R. Co.,* 10 How. [N. Y.] 330; *Atchison, T. & S. F. R. Co. v. Brewer,* 20 Kan. 669; *Dill v. South Carolina R. Co.,* 62 Am. Dec. [S. Car.] 407.

HARRISON, J.

This action was commenced by the defendant in error to recover damages which she alleged were occasioned by the loss, by the company, of her valise and its contents, of which the company had taken possession and charge as a part of her baggage, she being at the time a passenger, by its line of road, on a trip from Chicago,

Illinois, to Inland, Nebraska. The company defended on the ground that it had never received the valise, and, from a judgment in favor of defendant in error for the value of the valise and its contents, has prosecuted error proceedings to this court. The trial was to the court without a jury.

The defendant in error, who, it appears, in October, 1893, was journeying from some place in Michigan to her home in Inland, Clay county, this state, detailed in a portion of her evidence that on October 12, 1893, she started from Muskegon, Michigan, and went to St. Joe, Michigan; from there she travelled by boat to Chicago. She had with her a trunk and the valise, or, as she styled it, a "satchel." It is of the non-delivery to her by the company of the latter that she complains in this suit. She further stated as follows:

Q. State what you did with the trunk and satchel.

A. In the morning after I got to Chicago, I went out of the cabin, and there was a man sitting there with a lot of checks upon his arm. I was going to the fair, and I did not want to carry the satchel; so I went to him and I asked him if I could not have that satchel checked with my trunk, and transferred to the Union Depot. He said I could. I asked him how long I could leave it there. He said I could leave it there a month if I wanted to, but I did not leave it there that long.

Q. Well, state what you did.

A. I sat the satchel down in front of him and he put a check upon it and then he said show me your trunk. I showed him my trunk and he put a check upon that, and he gave me two checks. This was Thursday morning. On Saturday I went to the Union Depot to get my baggage to get it checked to Inland. When I went there, and they asked me to show my ticket and show my check, I gave them the two checks. He went off and then came back and gave me two checks for Inland.

Q. How long was he gone?

A. I cannot tell. It was quite a while. I should think maybe half an hour; maybe longer.

Q. Is that one of the checks he gave you (offering check to witness)?

A. Yes, sir; it looks like it.

(The plaintiff offers the check in evidence, being No. 42017.)

Q. When did you arrive in Chicago?

A. On the 12th, in the morning.

Q. When did you check your baggage at the depot?

A. On Saturday.

Q. What month was that?

A. October.

Q. What day of the month,—about how many days after you arrived in Chicago?

A. It was three days. It was the third morning.

Q. When did you arrive at Inland?

A. I arrived there the 17th day of October.

A witness for the company stated, as a portion of his evidence, that during October, 1893, he was in the employ of the McBride Express Company in charge of one of its wagons in Chicago, and undertook to transfer the trunk and valise of defendant in error from the "Graham & Morton Dock" to the Chicago, Burlington & Quincy Railroad Depot, issuing to her check numbered 590, evidencing the delivery to the express company, and its possession, of the valise. This witness also said that when he finally arrived at the depot, he did not have the valise, and thought he had lost it,—had left it at some other than the proper place. He had made several stops to deliver baggage on the way from the dock to the depot. In the deposition of the baggage-master at the Union Passenger Depot in Chicago,—the depot used by the plaintiff in error company,—he testified that he issued the check which the defendant in error had at the time of the trial; that he did it without the baggage then in his possession, giving it in exchange for check 590 of the McBride Express Company which the defend-

ant in error delivered to him.  In this connection we will revert to the evidence of the expressman in which occurred the following passage:

Q. What, if anything, did you say to the party in charge at the Union Passenger Station when you delivered the other baggage on that day?

A. At first I didn't notice this valise was short, and the baggageman told me how many pieces I had.  The baggageman asked me where the valise was, and I looked all over, and I could not find it; and I told the baggageman I would go along to some other depots, that maybe I left it by mistake.  So I did.  I went to all the other depots and I could not find it.

From this it appears that the baggage-master asked the expressman for a valise of the existence of which it is not disclosed by the evidence he had any prior knowledge,—which seems at least somewhat unlikely.  Three days later, notwithstanding this information which it is claimed had been imparted to, and received by, the baggage-master, he delivered to defendant in error a check of the company evidencing to her, and to all others, that the valise was in the possession of the company.  The check delivered to the defendant in error was evidence of the delivery of the baggage it represented to the company, and, when introduced in evidence, established, *prima facie*, the fact of the delivery of the valise to the company, and threw the burden of proof on the company to show a non-delivery.  (*Atchison, T. & S. F. R. Co. v. Brewer*, 20 Kan. 669; *Chicago, R. I. & P. R. Co. v. Clayton*, 78 Ill. 616; 4 Lawson, Rights, Remedies & Practice par. 1951, and cases cited; *Davis v. Michigan S. & N. I. R. Co.*, 22 Ill. 278.)  The check is *prima facie* evidence of receipt and non-delivery.  (3 Am. & Eng. Ency. Law [2d ed.] 580, and cases cited in note 3; *Cleveland, C., C. & St. L. R. Co. v. Tyler*, 35 N. E. Rep. [Ind.] 523; 3 Wood, Railway Law sec. 403; Thompson, Carriers 514; *Oakes v. Northern P. R. Co.*, 26 Pac. Rep. [Ore.] 230.)  In the case at bar the check proved, *prima facie*, the receipt of the valise by

the company, and the evidence introduced to show the contrary was in direct conflict therewith; and it was for the trier of facts to weigh and determine which should be given the greater credence. In view of all the evidence we cannot say the conclusion reached was manifestly wrong; hence it will not be disturbed. (*Steinkraus v. Korth*, 44 Neb. 777; *Thompson v. Field*, 45 Neb. 146.) The judgment of the district court is

AFFIRMED.