DOUGHERTY ET AL. v. WISE ET AL.

[No. 3,149.    Filed October 25, 1900.]

JUDGMENT.— Action to Set Aside Default.—Defect of Complaint in Original Action not Cured by Judgment.—On appeal in an action to set aside a judgment taken by default, a fatal defect in the complaint in the original action is not cured by the finding of the court, since no trial was had.

From the Marion Superior Court.    Affirmed.

A. F. Denny, for appellants.
W. W. Herrod and W. P. Herrod, for appellees.

COMSTOCK, J.—The complaint in this action asks for a reversal of a judgment upon default rendered by the Marion Superior Court against appellees, in favor of appellants, upon the ground that the complaint in said action did not state facts sufficient to constitute a cause of action against appellee Wise.

In the action upon which judgment was rendered, appellant Dougherty sought to recover judgment against the appellees upon a building contract and a bond executed by appellees Leonard as principal and Wise as surety, to secure its faithful performance.

In the case at bar the trial court overruled appellants' demurrer to the complaint, and, upon appellants' refusal to plead further, it was adjudged that the judgment in the original action be reversed and in all things set aside, rendered null and void, and that the appellees recover costs.

The only question presented by this appeal is the sufficiency of the complaint upon the bond.    The complaint sets out as exhibits the contract for the building and the bond to secure its performance.    The contract entered into by appellants and appellee Leonard stipulated that Leonard was to build and complete the house therein provided for on or before April 1, 1897.    The bond, made an exhibit, and by virtue of which it was sought to hold Wise, appellee, as

surety, is conditioned for the completion of a building to be erected by Leonard for the appellants on or before March 15, 1897.

The complaint does not allege that any mistake or change authorized by the surety was made in the dates, and none will be inferred. The bond does not provide for the failure to perform the contract in suit. This variance we deem fatal to the complaint. Counsel for appellants meet this objection with the proposition that this defect should be deemed as cured by the evidence.

It is said by Reinhard, J., speaking for the court in *Sloan* v. *Faurot,* 11 Ind. App. 689: "When the appeal is from a judgment taken by default, the rule that the complaint will be held sufficient unless there is an entire failure to state a cause of action does not apply. The rule appears to be, in such cases, that if the complaint is not such as would withstand a demurrer it may be first assailed by an assignment of errors in this court. Elliott's App. Proc., §475, and cases there cited; *Cleveland, etc., R. Co.* v. *Tyler,* 9 Ind. App. 689. In such a case the defects in the complaint can not be said to be cured by the verdict or finding for the ample reason that no trial has been had."

To the foregoing expression upon the question we deem it unnecessary to add anything. Appellees have filed and argued a motion to dismiss this appeal, and insist that the complaint in the original cause is defective upon other grounds than the one considered. The conclusion reached renders it unnecessary to consider the other questions thus raised. The judgment is affirmed.

Henley, J., absent.