## Graham & Morton Transportation Company v. Ella M. Young.

### Gen. No. 11,354.

1. BAGGAGE—*what prima facie proof of delivery to and possession of, by carrier.*  The production of a check claimed to have been given as a receipt for such baggage, is *prima facie* proof of delivery to and possession by the carrier issuing such check.

2. CUSTOM—*when proof of, incompetent.*  When the question at issue is whether baggage was delivered to a defendant carrier, proof that it was not customary in exchanging checks from one transportation to another, to examine and see whether the baggage actually passed, is incompetent.

3. MEMORANDUM—*when admission of, improper.*  It is improper to admit a list made by the plaintiff of articles claimed to have been contained in her trunk, for the value of which suit is brought, but such error will not reverse where the plaintiff has testified to a distinct recollection of the articles contained in the trunk mentioned in such list.

4. REOPENING OF CASE—*right of court to permit.*  Unless it appears that there has been an abuse of discretion, the action of the trial court in permitting a case to be reopened and necessary proof to be received, will not be reviewed on appeal.

Action of assumpsit.  Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1903.  Affirmed.  Opinion filed November 29, 1904.

**Statement by the Court.**  This was an action brought by appellee against appellant to recover for the loss of baggage which it is claimed came into appellant's possession, and which it undertook to carry for her from Chicago to Saugatuck, Michigan.  Desiring to go to the latter place, she delivered the baggage, consisting of a trunk and contents, to Brink's Chicago City Express Company to be taken by it to appellant's dock, and at the same time received a check for the trunk from the express company.  She never saw the trunk again.  At appellant's office she gave to her son, who accompanied her, the check and money to purchase tickets for both to Saugatuck.  He received from appellant's baggageman its check for the trunk in exchange for

the express company's.   There is no proof outside of appellant's check that the trunk reached its possession.   The trunk and contents were lost, and not delivered to appellee. She recovered judgment against appellant for $275, from which it appeals.

GRANT NEWELL, for appellant.

ADLAI T. EWING, for appellee.

MR. PRESIDING JUSTICE STEIN delivered the opinion of the court.

First.   It was not necessary that there should be " conclusive " proof that the trunk was delivered to appellant, or was ever in its possession, or that there should be other proof in this regard than appellee's possession of appellant's check.   It is sufficient for appellee to make out a *prima facie* case, and this she did by producing the check.   The burden of proof was then upon appellant to show a nondelivery.   Davis v. R. R. Co., 22 Ill. 278; C., R. I. & P. R. R. Co. v. Clayton, 78 Ill. 616; Hutchinson on Carriers, secs. 717 and 718.

Second.   By its general agent in Chicago, appellant offered to show " that it is not customary when exchanging checks from one transportation company to another to examine and see whether they have the baggage on hand or not."   Upon objection, the offer was excluded.   Whether or not such custom existed was wholly immaterial.   No other attempt was made or proof offered by appellant to show that it had not received the trunk;   and the offer as made, standing by itself and not coupled with other proof, was not competent for any purpose.

Third.   Appellee testified that she packed the trunk and knew its contents; that she made a list of the articles within ten days afterwards, and did not put down on the list anything which she did not pack into the trunk; that the list set forth " only those things that were in the trunk." Over appellant's objection the court permitted the list to be received in evidence and read to the jury.   This was error. A party cannot in that way make evidence for himself.

Nevertheless, the error is not of such a character as to warrant or justify a reversal. The witness had an undoubted right to refresh her memory from the memorandum. She had a distinct recollection of the articles put into the trunk and of their respective values. Permitting the list to go into evidence was in substance and effect the same thing as if in answer to questions of counsel she had stated the articles one by one by referring to the list and refreshing her memory from it.

Fourth. At the close of plaintiff's evidence, the defendant moved the court to direct a verdict for it on the ground that she had not shown herself entitled to recover for the property in the trunk belonging to her son, and that there was no proof enabling the jury to distinguish between what was her property and what her son's. The court thereupon allowed appellee to supply the missing proof and overruled the motion. This was a matter strictly in the discretion of the court, and no abuse of the discretion is shown.

The judgment appealed from is affirmed.

