## R. E. Boyer, Plaintiff in Error, v. Chicago & Erie Railroad Company, Defendant in Error.

### Gen. No. 17,741.

1. CARRIERS—*where trunk of one in charge of car of poultry is stolen.* Where plaintiff, who is engaged by a shipper to accompany a car load of poultry, places a trunk in the car and the lock on the car is broken in the middle of the night and the contents of the trunk stolen,

plaintiff being carried under a contract whereby he assumes all risk of accident or damage to his property, cannot recover the value of the articles taken.

2. CARRIERS—*where goods are not delivered to carrier.* No liability arises on the part of the carrier in respect to baggage where there is no delivery to the carrier.

3. CARRIERS—*property in possession of carrier.* Carriers do not undertake to carry and safely deliver travelers' effects which are not delivered into their custody.

Error to the Municipal Court of Chicago; the HON. ANTHONY J. CLARITY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed June 24, 1913.

ELA, GROVER, MARCH & ECKERT, for plaintiff in error.

W. O. JOHNSON and BULL & JOHNSON, for defendant in error; ARTHUR S. LYTTON, of counsel.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

July 3, 1909, the plaintiff in error was engaged by a shipper of a carload of live poultry from Chicago to New York to accompany the poultry as the person in sole charge of the same. At the beginning of the journey, the plaintiff in error, for his own personal use and convenience, placed in the car in which the poultry was shipped a trunk containing certain of his clothes and personal effects and cooking utensils for cooking his meals on the journey. Plaintiff in error was the only person who had access to the car which was locked with a Yale lock, the only key to which was in the possession of the plaintiff in error.

During the journey and while the plaintiff in error was in the caboose of the train, the poultry car was broken into by persons unknown and the contents of the plaintiff's trunk in the car were removed therefrom. The action was brought to recover the value of the articles so taken from his trunk.

Plaintiff in error was carried on the freight train

of the defendant company under a contract whereby he voluntarily assumed all risk of accident or damage to his property. This contract was signed by the plaintiff and was offered in evidence as a part of his case in chief. It was entered into by reason of the fact that plaintiff below was in care of the shipment of poultry and no charge was made for his transportation. His only duty was to care for such poultry and his only right to be and remain on the train of defendant was simply and solely by virtue of such duty. There is no question in the evidence that the plaintiff placed his trunk in the defendant's poultry car, nor is there any question in the evidence that no agent or servant of the defendant had or could have access to the car which the plaintiff alone had access with the only key provided for that purpose. The trunk was placed in the car for the plaintiff's sole use and convenience, and was not in any way connected with the shipment of live stock. There is no question made in the evidence but that the car was broken into in the middle of the night and that plaintiff's trunk was broken open and the contents stolen therefrom by a person or persons unknown.

No liability arises on the part of the carrier in respect to baggage where there is no delivery to the carrier. The defendant in error assumed no duty with reference to the goods and property of the plaintiff in error for a breach of which it can be held liable. *Michigan South. & N. I. R. Co. v. Meyres,* 21 Ill. 627. In deciding the above case, the court said: "The property should have been shown to have come to their possession, and to have been lost by them, or that, they had by contract at Cleveland, undertaken to transport this baggage to Chicago."

In *Carpenter v. New York, N. H. & H. R. Co.,* 124 N. Y. 53, which was an action brought to recover the value of certain personal effects taken from the berth of a sleeping car in which the plaintiff was traveling,

it was said: "Carriers do not undertake to carry and safely deliver the effects of travelers not delivered into their custody."

In *Gleason v. Goodrich Transp. Co.*, 32 Wis. 85, the court held: "The rule of law is, that to charge a common carrier with the loss of property, it must be shown to have been delivered to him, or to his agent, for transportation."

To the same effect is *Henderson v. Louisville & N. R. Co.*, 123 U. S. 61; Elliott on Railroads (2nd Ed.), sec. 1654; *Tower v. Utica & S. R. Co.*, 7 Hill (N. Y.) 47.

The judgment is affirmed.

*Affirmed.*