(98 South. 319)
## LOUISVILLE & N. R. CO. v. CHILDERS.
### (8 Div. 15.)

(Court of Appeals of Alabama. Oct. 30, 1923.
Rehearing Denied Dec. 4, 1923.)

1. **Carriers** ☞408(6)—**Plaintiff entitled to affirmative charge for loss of baggage upon production of check.**

In a suit to recover the value of lost baggage, plaintiff was entitled to the affirmative charge upon production in evidence of the check issued by defendant carrier in exchange for the check of the connecting carrier, though there was no other proof that plaintiff's baggage actually came into possession of defendant.

2. **Carriers** ☞408(4)—**Delivery and possession of check prima facie evidence of delivery to carrier.**

The delivery of a check for baggage and its possession by plaintiff is prima facie evidence of delivery of the baggage to carrier.

3. **Appeal and error** ☞1078(5)—**Point waived, where not insisted upon in brief.**

Where appellant made no insistence in his brief that the verdict was excessive, that point was waived.

4. **Appeal and error** ☞843(1)—**Other errors not considered, where plaintiff entitled to affirmative charge.**

Where plaintiff was entitled to the affirmative charge on the evidence, it was unnecessary to consider the other assignments of error.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action for damages for loss of baggage by J. W. Childers against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Eyster & Eyster, of Albany, for appellant.

Unless there is a delivery, there can be no liability on the part of the carrier with respect to baggage. Possession of the baggage check by the passenger is not conclusive upon the carrier. 4 Elliott on R. R. (2d Ed.) pp. 608, 612; M. & O. R. R. v. Hopkins, 41 Ala. 486, 94 Am. Dec. 607; A. G. S. v. Mt. Vernon Co., 84 Ala. 176, 4 South. 356; C. of Ga. v. Sigma Lbr. Co., 170 Ala. 633, 54 South. 205, Ann. Cas. 1912D, 965.

Sample & Kilpatrick, of Hartsells, for appellee.

Possession of the baggage check is prima facie evidence that the carrier has received and has not delivered the baggage, and the passenger need not prove actual delivery until the carrier rebuts the constructive delivery evidenced by the check. 10 C. J. 1199; Montgomery, etc., Co. v. Culver, 75 Ala. 587, 51 Am. Rep. 483; So. Ry. v. Foster, 7 Ala. App. 487, 60 South. 993.

SAMFORD. J. The plaintiff bought tickets at Texarkana and checked five pieces of baggage thereon to Decatur, Ala. At Decatur he bought tickets to Hartsells, Ala., gave to defendant's agent his five checks, and received in exchange five checks for baggage from Decatur to Hartsells. Plaintiff did not actually see his baggage in Decatur or know whether or not it had arrived at the time he received the checks from defendant's agent. At Hartsells plaintiff presented his five checks to defendant's agents, but only received four pieces of baggage. The fifth piece of baggage has never been delivered, and was shown by the evidence to consist of wearing apparel of the value of $80. The evidence was not in dispute. The judgment was for $100.

[1, 2] The record presents but one question necessary to a decision. The delivery of a check for baggage and its possession by the plaintiff is prima facie evidence of delivery of the baggage to the defendant. Hickox v. Naugatick R. R. Co., 31 Conn. 281, 83 Am. Dec. 143. There being no proof as to whether the plaintiff's baggage came into the possession of defendant, other than the check issued by defendant in exchange for the check of the connecting previous carrier, it will be presumed that the baggage was delivered to defendant. Graham, etc., Transp. Co. v. Young, 117 Ill. App. 237; Chicago, etc., R. Co. v. Steear, 53 Neb. 95, 73 N. W. 466; St. Louis, etc., R. Co. v Hawkins, 39 Ill. App. 406; Dill' v. S. C. R. Co., 7 Rich. (S. C.) 158, 62 Am. Dec. 407; Ex parte L. & N. R. R. Co., 176 Ala. 631, 58 South. 315. While the issuance of the check for baggage and its possession by the passenger is not conclusive upon the carrier, yet where this is shown and nothing is shown to the contrary, in a suit to recover the value of the lost baggage the plaintiff would be entitled to the affirmative charge.

[3] No insistence is made in brief of appellant's counsel that the verdict of the jury is excessive, and therefore that point is waived.

[4] The plaintiff being entitled to the affirmative charge on the evidence, other assignments of error are not considered.

Let the judgment be affirmed.

Affirmed.