JAMES N. CRANDALL *et al.*

*v.*

THE CAREY-LOMBARD LUMBER COMPANY.

*Filed at Ottawa January 19, 1897.*

1. VOLUNTARY ASSIGNMENTS—*practice—exceptions to claim against insolvent's estate may be docketed separately.* Disallowance of a claim against the estate of an insolvent debtor who has voluntarily assigned, upon exceptions thereto by another creditor of the estate, is not erroneous because the proceeding was docketed separately, and not under the general title of the assignment proceedings.

2. SAME—*question of creditor's right to object to claim must be made in apt time.* A claimant against an assigned estate desiring to question the right of another claimant to object to his claim on the ground that the latter has not established his character of creditor, must raise that question as a preliminary one, and have it decided before the issue on the objection is tried.

3. SAME—*debt of claimant must have existed at date of assignment.* Judgment against an insolvent debtor, entered after he has assigned for the benefit of creditors, upon a note dated subsequently to the assignment, is, on objection, properly rejected as a claim against the estate, in the absence of proof showing the debt existed at the date of the assignment.

4. APPEALS AND ERRORS—*what part of record appeal from disallowance of claim brings up.* An appeal from an order disallowing a claim against an insolvent estate brings up so much of the whole record in the assignment proceeding as affects the controversy, although the objection to the claim was docketed as a separate suit.

5. EVIDENCE—*one whose claim against an insolvent estate is objected to holds the burden of proof.* A claimant against an assigned estate, upon objection made by another creditor, has the burden of establishing his claim.

*Crandall* v. *Carey-Lombard Lumber Co.* 63 Ill. App. 320, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

LEVI SPRAGUE, for appellants.

COWEN & HOUSEMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants, constituting the firm of Crandall, Schultz & Co., and appellee, a corporation, each filed a claim in the county court of Cook county with the assignee, against the estate of W. H. Rolff & Co., consisting of W. H. Rolff, an insolvent debtor, in pursuance of the statute regulating voluntary assignments. Appellee filed exceptions to the claim of appellants, and on a hearing of the exceptions the claim was disallowed. An appeal was taken to the Appellate Court, where the judgment was affirmed.

Thirty-five errors are assigned upon the record, but the questions involved are few and may be noticed under few heads.

When the exceptions came on to be heard, appellants entered an objection to having the proceeding docketed separately, and insisted upon having it docketed under the general title of the assignment proceedings. Their objection was overruled, and they excepted to the ruling. How this affected them injuriously we are not able to discover. The statute requires a bond for costs by the party filing exception, and a notice to the creditor served as in case of an original notice in the county court, returnable at the next term, when the court is required to hear the cause and render judgment, and may allow a trial by jury. Each trial and judgment of that kind is several, and separate appeals may be taken, whether the orders are written under one title or separate titles. The only reason given for wanting this controversy docketed under

the general title is, that in such case the whole record of the original insolvency proceedings would make up the record on this appeal. But there is no difference in that respect whether this branch of the proceeding was docketed in one way or another. There might be many separate and independent controversies in the same general proceeding, and an appeal in one would properly bring up so much of the record as affects that controversy.

It is next urged that appellee was not in a position to except to appellants' claim, for the reasons that it did not prove by evidence that it was a creditor; that its claim was not filed within the time required by statute, and that if the court had admitted the judgment on which its claim was founded it would appear to have been confessed after the assignment with no evidence that the debt existed at the date of the assignment, and therefore it stood in the same position as appellants. Upon the exceptions being filed and summons issued and served upon appellants, they entered their appearance June 7, 1895, and demanded a trial of the exceptions by jury. The trial of the exceptions began on October 23, 1895, when the jury was waived and the trial proceeded. After appearing and demanding the trial by jury, and subsequently going to trial before the court, it was too late to question the competency of appellee to raise the issue to be tried. By so doing appellants admitted its character as one interested in the proceedings and entitled to file the exceptions. By all rules of practice that question was a preliminary one, to be determined before the issue should be tried. If appellee had no right to file exceptions, and was a mere intruder in a matter with which it had no concern, its exceptions should have been stricken from the files or disposed of in some proper manner before the trial.

The court proceeded to hear the evidence, and appellants offered a certified copy of a judgment entered by confession in their favor, against the insolvent, after the

assignment. This was insufficient to prove the existence of a debt at the date of the assignment, before its entry; but appellee further proved by the files that the note upon which the judgment was entered was dated after such assignment. This copy of the judgment was filed with the assignee as appellants' claim, and was their only claim. W. H. Rolff was sworn, and stated that he owed appellants the amount of the judgment at the time it was entered. Upon this evidence the parties submitted the cause, and it failed to show any indebtedness at the time of the assignment. Afterward, on December 10, 1895, the case was re-opened and the hearing resumed. The court stated that what he wanted was to have the claim proved, and every facility was given appellants to make such proof, but it was not furnished. Schultz, one of the appellants, and Rolff, repeatedly testified that Rolff was indebted to appellants at the time of the assignment, and that the whole amount of the judgment was due and owing at the date when it was entered, after the assignment, but the most strenuous and repeated efforts of the court to elicit an answer from either one as to the amount of the indebtedness owing to appellants at the date of the assignment proved wholly unavailing. There were long drawn out examinations, profusely mingled with colloquy, argument, comment and objection, but there was no answer to that question. When Rolff was asked what was the basis of the judgment, he said it was the different debts that he owed at the time, and again that it was for lumber furnished him by different parties. He testified that when he gave the judgment note he included in it claims due to other parties that were not in the hands of appellants before the assignment. Schultz stated that he could not say positively how much the indebtedness was at the time of the assignment and could not give the exact figures without his books. The court offered him an opportunity to get his books, and said that he did not know how much to allow

and how much to disallow, but if he knew how much the indebtedness was, so that he could separate it, he would allow it. The court then asked Schultz what he meant by the statement that it was not all due and owing at the time, and Schultz said that he wanted to consult with his counsel on that point, and thereupon declined to answer the question.

The claim was not proved, but it is insisted that the court erred in requiring appellants to prove it, and in holding that they had the affirmative to establish the claim. It is contended that when the claim was filed with the assignee, duly verified, the party filing exceptions had the burden of proof to overthrow the claim. The ruling of the court was right in requiring appellants to assume the burden of proof. If no exceptions had been filed the claim would have been allowed, but exceptions having been filed, the mere presentation of the alleged claim, so verified, had no tendency to establish it, and appellants were bound to prove it.

The judgment will be affirmed.

*Judgment affirmed.*