Pauline Kunkel, Administratrix, Appellee, v. Chicago Consolidated Traction Company, Appellant.

Gen. No. 15,012.

1. PLEADING—*when declaration states cause of action.* *Held,* that the declaration in question in this case was sufficient after verdict, the plaintiff being injured while driving a wagon which was struck by a trailer of a traction train which had jumped its track.

2. PLEADING—*when defective declaration does not affect verdict.* A cause of action defectively stated is sufficient after verdict to base a judgment upon and a judgment so based will not be reversed for such defect in the count.

3. NEGLIGENCE—*when doctrine res ipsa loquitur applies.* When street cars leave the rails and inflict an injury upon one who is rightfully on the street and in the place where he is injured and who is free from contributory negligence, the maxim of *res ipsa loquitur* applies.

4. ABATEMENT—*effect of death of plaintiff in action for personal injuries.* If the plaintiff in an action for personal injuries dies as the direct result of the negligence charged in such action the action abates and recovery therefor cannot be had by his personal representative.

5. HUSBAND AND WIFE—*when incompetency of latter cannot be urged.* If the objection to the competency of the wife to testify for her husband is first made on appeal, it will not be considered.

6. APPEALS AND ERRORS—*when rulings not reviewed.* In the absence of a definite ruling and an exception thereto no review can be had.

7. APPEALS AND ERRORS—*when arguments of counsel not subject to review.* In the absence of an objection, a ruling thereon and an exception to such ruling, arguments of counsel urged as improper are not subject to review.

8. DAMAGES—*when admission of erroneous evidence will not reverse.* If incompetent evidence is admitted upon the question of damages a reversal will not be awarded if it does not appear that a consideration of such evidence could have enhanced the verdict.

9. EVIDENCE—*when admission of erroneous will not reverse.* If er-

394     APPELLATE COURTS OF ILLINOIS.

Kunkel v. Chicago Consol. T. Co., 156 Ill. App. 393.

roneous evidence is admitted and then stricken out and the jury in-
structed to disregard all evidence received which has been stricken out,
the admission of such erroneous evidence will not reverse unless pre-
judice appears to have resulted.

Action in case for personal injuries. Appeal from the Superior Court
of Cook county; the Hon. MARCUS KAVANAGH, Justice, presiding. Heard
in the Branch Appellate Court at the October term, 1908. Affirmed upon
*remittitur.* Opinion filed June 28, 1910.

**Statement by the Court.** This suit was brought by John
Kunkel, on April 20, 1906, to recover for personal injuries
sustained by him on April 22, 1904. He died during the
pendency of the suit, on October 28, 1907. On February
24, 1908, during the progress of the trial, Pauline Kunkel,
his widow, who had been appointed administratrix of his
estate, suggested his death to the court and procured an order
that she, as administratrix, be substituted as party plaintiff
and that the cause proceed in her name as such. There was
a trial by jury and a verdict and judgment for $2,000.
From that judgment defendant prosecutes this appeal.

Kunkel was injured by being knocked off a wagon, which
he was driving, by a trailer street car which jumped the track
and ran into the wagon.

Elston avenue is a street in Chicago running northwest
and southeast. Upon that street defendant operates a street
railway line consisting of two tracks. South-bound cars run
upon the westernmost track. The motive power at the time in
question was electricity and the cars were operated by a trol-
ley. Division street is a cross-street running east and west.
About seventy-five feet south of Division street Elston ave-
nue is crossed by the single track of a steam railway, which
track was not in use by the railway when Kunkel was in-
jured. There is a slight incline in Elston avenue from
Division street toward the south.

On April 22, 1904, about half past four or five o'clock in
the afternoon, Kunkel was driving a one horse wagon north
on Elston avenue in the north-bound track. As he came to a
point about ten or fifteen feet south of the track of the steam-
railway, the trailer car of a two-car train, coming south

rapidly on the other track, left the rails and ran into the wagon Kunkel was driving. Kunkel was knocked off his seat to the ground by the collision and injured. The wheel and shaft of the wagon were broken. It appears from the testimony of the members of the crews upon the cars that, so far as any of them observed, the tracks were clear when the trailer jumped the track; that the rear of the trailer, although it turned somewhat, remained upon the tracks; that the first car in the train did not leave the track; that no reason was discovered at the time, by any one of the crews, for the trailer leaving the track; and that the trailer was attached to the train on this trip at the Elston avenue barn, so that it was the trailer's first trip with this train.

JOHN A. ROSE and FRANK L. KRIETE, for appellant; W. W. GURLEY, of counsel.

M. M. JACOBS and THOMAS S. HOGAN, for appellee; GEORGE F. MULLIGAN, of counsel.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Appellant, conceding that though a cause of action be defectively stated in a count yet such count is sufficient after verdict, first objects that the declaration herein states no cause of action. The declaration after averring that defendant possessed and operated a street railroad on Elston avenue; that on April 22, 1904, defendant ran, drove and operated certain cars thereupon and that plaintiff was then driving a horse and wagon in a northerly direction on that street, near Division street, avers that while plaintiff, with all due care and caution, was so driving the defendant "carelessly, negligently and wrongfully operated and managed a certain train of cars which was going in a southerly direction on Elston avenue near Division street. One of the cars of said defendant jumped and ran off the track on Elston avenue, near Division street, and struck the wagon," etc. The point made is that, while it is averred that defendant negligently

396    APPELLATE COURTS OF ILLINOIS.

Kunkel v. Chicago Consol. T. Co., 156 Ill. App. 393.

operated and managed "a certain train of cars" going south, the "one of the cars of said defendant" which jumped the track and struck the wagon is in the count in nowise connected with, or stated to be one of the train of cars which was carelessly or negligently operated and managed and that, consequently, there is no averment or complaint of negligence applicable to the "one of the cars" of the defendant which caused the injury to plaintiff, and hence no cause of action is stated. It is true that if in reading the count we disassociate the one car, which caused the injury, from the train of cars averred to have been negligently operated and managed, we do not find a cause of action perfectly stated; but by inference and deduction, in reading the count as a whole and by associating that one car with the train of cars, we find sufficient to indicate a cause of action, although defectively stated by the pleader. A cause of action defectively stated is sufficient, after verdict, to base a judgment upon and a judgment so based will not be reversed for such defect in the count. In so disposing of this contention by appellant, we do not wish to be understood as holding that the point, that an averment was necessary that this car which jumped the track was negligently operated or managed, is well taken. When street cars leave the rails and inflict an injury upon one who is rightfully on the street and in the place where he is injured and who is free from contributory negligence, the maxim of *res ipsa loquitur* applies. In such case proof of the injury and of the circumstances justifies a verdict and judgment. Chicago Union Traction Co. v. Giese, 229 Ill. 260. Further or other averment or proof is unnecessary, so long as no evidence of explanation of the occurrence or exoneration is introduced by the defendant. The plaintiff will rarely know so as to be able to aver the precise cause of the car's leaving the rails in these cases, where the defect is in the construction or mechanism of the car or in the operation thereof.

Appellant argues that under the evidence in this case "the claimed injuries were the cause of death" and in its brief says: "It is insisted that under the circumstances of this

case, if the death of John Kunkel resulted from the injury, there can be no recovery by his personal representative in the case pending at the time of his death." The legal proposition is true. But, while there is some evidence tending to show it was possible his death might have resulted from the accident in question, in our opinion the jurors were fully justified by the evidence in arriving at the conclusion that Kunkel's death was not the result of the accident and the trial court committed no error in this respect.

It is argued that, although the evidence shows that when plaintiff arrived at his home in the evening of the accident he was suffering from two fractured ribs, a cut upon his face and bruises on the side, yet these injuries could not have resulted from his fall from the wagon, because the evidence is that he fell upon his back. The abstract of the evidence does show that the collision "threw Mr. Kunkel out of the wagon on his back." The witness so testifying was, however, not asked and did not describe the manner in which he was thrown so as to land upon his back, and the nature of the accident is such as to fully justify the jury in arriving at the conclusion that the injuries described and sustained were the result thereof.

Error is claimed in that Mrs. Kunkel, an incompetent witness because she was the wife of Kunkel at the time of the occurrence in question, was permitted to testify. In a trial at law, unless there is a ruling, action or failure to act by the court upon an objection made and an exception is then taken, there can be no error upon which a reversal by a court of review can be predicated. There was no objection made to Mrs. Kunkel testifying and no ruling asked or made with reference thereto; hence no error intervened in that regard.

It appears that Kunkel's occupation was that of collecting and delivering clothing for tailors. That is, he would obtain from the wholesale or manufacturing house down town the unfinished, perhaps cut and basted, garments, deliver these to the home or shop of the tailor who finished them, and thereafter return them to the wholesale or manufacturing house. Apparently he was not paid by the day, week or

month, but was paid by his various tailor customers, at some rate not disclosed, for the transportation back and forth. In his business he used the horse and wagon he was driving when injured.

In connection with plaintiff's making proof of damages sustained and relative to Kunkel's occupation as bearing on the measure of damages, appellant contends the trial court erred in: (1) permitting plaintiff to introduce evidence to the effect that the business done by Kunkel was less after the accident than it was before; (2) permitting plaintiff to introduce evidence to the effect that an expense of from seven to eight hundred dollars was incurred by Kunkel in employing other parties to take charge of his business for him; (3) permitting plaintiff to introduce evidence as to what the customary wages were which were paid to teamsters during the years 1903, 1904 and 1905; (4) permitting the introduction of evidence that Kunkel earned in his business $125 per month each and every month in 1904 prior to April 22 in that year; (5) permitting Mrs. Kunkel to testify that Kunkel earned $125 per month, during the period last mentioned, while she admitted that she had acquired her knowledge on the subject from having each month examined the monthly bills her husband made out to the various tailors he was doing business for and while it appeared that the books of account kept by Kunkel showing these tailors' accounts were at plaintiff's home; (6) permitting evidence to be introduced as to the payment of a doctor's bill of $50 without its appearing that the bill was rendered for services in connection with the injury sustained by reason of defendant's negligence; and (7) permitting evidence to be introduced as to what children Kunkel left him surviving at his death.

None of these errors contended for goes to the question of liability, that is, to the cause of action. As to the question of defendant being liable for whatever damages were sustained, there is no doubt whatever.

As to (1): Plaintiff's attorney asked Mrs. Kunkel: "Q. With reference to the business that he did before the accident and with reference to the business that he did after the ac-

cident, did he do—do you know—as large a business after the accident as he did before ?" The witness answered that he did not. Thereupon, as the record shows, an objection to the question was interposed on behalf of defendant and, at the same time, a motion was made that the answer be stricken out. The court remarked that he did not see how it was competent and some discussion arose on the subject, but no direct ruling was made by the court and no exception on behalf of the defendant was taken. There was was no error committed in this respect. As to (2) : During plaintiff's attorney's examination of Mrs. Kunkel on the subject of the amount, per week, which had been paid a man employed to take Kunkel's place in his business, while the latter was incapacitated by reason of the accident in question, the attorney asked: "Q. What, if any, expense, Mrs. Kunkel, was incurred by your husband for employing other parties to take charge of his business ?" No objection was made to the question and the witness answered: "Seven or eight hundred dollars." Promptly upon the answer being made defendant's attorney interposed a motion that the answer be striken out which motion, without objection, was immediately allowed. There was here no ruling adverse to defendant and no exception taken to anything that took place. We find no reversible error in this connection. As to (3) : The court did permit the introduction of evidence, over objection, as to what the usual or customary wages paid teamsters were in the years 1903 and 1904. It appears the wages were $15 per week. But we find no evidence as to what these wages were in the year 1905 ; counsel for appellant are mistaken in making any point as to the year 1905. An exception was duly taken to this line of evidence. While the admission of this evidence was error and, after the evidence was in, the learned trial judge seems to have considered it to be error, for he said: "I don't think you have proven that he was a teamster. You have proven that he was driving a team on the day he was hurt, that is all," yet we do not see wherein this error could possibly have injured the defendant. Apparently plaintiff was away from his business but a short time, and it does not

appear that an allowance for teamster's wages could have
enhanced the verdict. Mrs. Kunkel testified, on cross-exami-
nation, that in July he went back to the same work he was
doing before the accident, namely, as she states, "delivering
clothing" for the tailors. This, of course, does not neces-
sarily mean that he was then fully recovered. As to (4) and
(5) : The first mention we find in the evidence of $125 is in
a response by Mrs. Kunkel to a question by her attorney re-
garding what the monthly bills to the tailors made out by
her husband represented. Her answer, somewhat irrelevant.
and not responsive, was "$125." An objection was made to
the question and the objection was sustained by the court,
but she had answered before the ruling of the court. The
answer was immediately striken out upon motion. Shortly
thereafter she was asked how much her husband earned each
and every month during 1904, if she knew. To this ques-
tion an objection was interposed and overruled and an excep-
tion was taken to the ruling of the court. She answered
$125. But immediately afterwards the source of her knowl-
edge, the manner in which she had acquired it and the fact
that the books of account were at her home was ascertained
and then, upon motion, all her testimony on that subject was
stricken out. While we do not approve of the method pur-
sued in that she was first permitted to testify to the fact be-
fore the source of her knowledge was inquired into, for the
purpose of ascertaining whether her knowledge was of a
kind that made her competent to testify on the subject, yet
as the evidence was stricken out and the jury were instructed
that evidence they had heard which was afterwards stricken
out by the court they must totally ignore and treat as if it
had not been heard, we do not think any reversible error was,
in this instance, committed in this respect. As to (6) : Ap-
pellant's counsel are in error in asserting to us, regarding
the doctor bill of $50, that "it nowhere appears that this
bill was paid to the doctor for services rendered growing
out of the alleged negligence of the defendant." The doc-
tor himself, when recalled, covered that objection by his
testimony. As to (7) ; The court permitted plaintiff to
show that Kunkel left him surviving two children. In this

the court erred because in this action it was immaterial how many children Kunkel left him surviving. However, the court afterwards stated that the evidence as to the number of children was not competent and plaintiff's attorney withdrew the evidence on that subject. Ordinarily, perhaps, the withdrawing of the evidence would not cure the error. In this instance, however, the jury was informed, otherwise than by this direct testimony, of the fact that Kunkel left at least two children. Both the children were witnesses to his physical injuries, the extent of which was controverted by defendant, and in their testimony it appeared that they were children of Kunkel. Therefore it is perfectly clear that defendant was not prejudiced by the error the court committed in this respect. Furthermore, no exception was taken to the ruling of the court in permitting that evidence to be introduced.

Although there are statements in the arguments of the attorneys for the plaintiff made to the jury which are decidedly objectionable and to which objection was made, yet no ruling was obtained from the court upon these statements and no exception was taken to the failure of the court to pass on the objection, hence there was no error in that respect upon which this court can predicate a reversal.

This is not a case where the evidence upon which the right to recover a judgment is based is slight or doubtful or one where there is a question as to the responsibility of the defendant for the injuries the plaintiff did sustain, therefore, slight errors in the procedure at the trial, none of which goes to the right of recovery, should not be permitted to nullify the trial.

We think, however, that the judgment rendered is for a somewhat greater amount than the evidence upon analysis justifies.

The judgment will be affirmed upon plaintiff remitting the sum of $500 within ten days after the filing of this opinion, otherwise the judgment will be reversed and the cause remanded.

*Affirmed upon remittitur.*