In re Estate of Elva G. Busch, Deceased (Claim of Johanna Leist).

On Appeal of Johanna Leist, Appellant, v. William H. Busch, Executor, Appellee.

### Gen. No. 17,507.

1. EXECUTORS AND ADMINISTRATORS—*when instructions not misleading in suit for services and harmless.* Where a nurse sues the estate of a married woman for services rendered and there is no evidence of an express contract or hiring by the deceased and there is evidence of a hiring and payments by deceased's husband, and that deceased had contemplated making a bequest in the nurse's favor, but none was made, an instruction that declarations of deceased as to disposition of her property after death might be disregarded, another stating the requisite formalities for the execution of a will, and another that no recovery could be had if the plaintiff was employed and paid by the husband, are not misleading and in any event harmless.

2. EXECUTORS AND ADMINISTRATORS—*when book of account not admissible in action against estate.* In an action by a nurse against an estate for services rendered the decedent, the plaintiff's book

of account showing her entries of monthly charges is not admissible in evidence.

3. Appeals and errors—*when refusal to permit reiteration of evidence is harmless error.* When a favorable answer to a question, to which an objection is sustained, would be a reiteration of the witness' previous testimony on the subject, the error in the ruling, if any, is harmless.

Appeal from the Circuit Court of Cook county; the Hon. H. Sterling Pomeroy, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 12, 1912.

Mayer, Meyer, Austrian & Platt, for appellant.

Josiah Cratty, for appellee; William B. Jarvis, of counsel.

Mr. Justice Barnes delivered the opinion of the court.

Johanna Leist filed in the Probate Court a claim for $2,890 against the estate of Elva G. Busch, deceased, for services rendered as masseuse and nurse to deceased. The charges made were at the rate of $10 a day for 118 days between September 28, 1905, and January 23, 1906, and at the rate of $15 a day for 114 days from January 24, 1906, to May 19, 1906, the date of decedent's death.

The claim was dismissed in the Probate Court and appeal was taken to the Circuit Court, where judgment was entered in favor of the estate, from which appeal was taken to this court.

It is claimed that certain instructions given were misleading and not based upon evidence in the case. One told the jury that they might disregard any declaration of Mrs. Busch in regard to the disposition of her property that she contemplated should be made after death. Another stated the requisite formalities in the execution of a will, and another that appellant could not recover from the estate for services rendered Mrs. Busch, the deceased, if they believed from

the evidence that appellant was employed by her husband, Mr. Busch, and paid by him.

We think there was no error in giving any one of said instructions, and that if there was, it was harmless in view of the insufficiency of the evidence to support appellant's claim. The court might well have directed a verdict without submission of the case to the jury. There was no evidence of an express contract, and none of a hiring by deceased. The evidence tended to show the hiring was by Mr. Busch, who paid her regularly each month by check the precise amount which she had charged for such month in her alleged book of account. Against objection properly made in behalf of the estate, her alleged book of account, in which she entered as charges for her services $25 for each month prior to January 1, 1906, and $100 for each month thereafter, was received in evidence. Mr. Busch's checks for the respective amounts, given at the end of each month's service or at the beginning of the next, were acknowledged by her and received in evidence. Not until two years afterwards did she make or present any claim for additional compensation for her services. She did speak to him about the so-called bequest, gift or present which Mrs. Busch in her final illness had contemplated making to her. But none such was ever made by will or otherwise. The evidence tended to show that both Mr. and Mrs. Busch had spoken about it. Undoubtedly she expected something by way of a bequest or gift, but what was said about it furnished no evidence of a contractual obligation to pay appellant compensation in addition to what she had been regularly paid every month during her employ. The instructions, therefore, applied to the evidence received, and, in any event, in view of the record, could not have misled the jury.

When on cross-examination appellant identified said checks and said that she had received the money on them and that they were for the respective items shown in her book, appellee offered them in evidence without

objection. On redirect examination she testified that notations like "month of April" and "month of May" on certain checks were not there when she received them; and objections were sustained to her counsel's questions as to whether said checks paid her for her entire services for particular months. Complaint is made of such ruling. At best a favorable answer to these questions would have been a mere reiteration of her previous testimony on the subject, and the error in the ruling, if any, was not harmful.

The judgment is affirmed.

*Affirmed.*