**In re Estate of Michael J. Teehan, Deceased.
Claim of Joshua Christian, Appellee, v. City National Bank and Trust Company, Appellant.**

**Gen. No. 38,935.**

Opinion filed November 2, 1936.

ROBERT P. MCARDLE and EDWARD J. MCARDLE, JR., both of Chicago, for appellant.

ELLIS & WESTBROOKS, of Chicago, for appellee; RICHARD E. WESTBROOKS, CLAUDE W. B. HOLMAN and EDWARD M. BYRD, of Chicago, of counsel.

Mr. Presiding Justice Matchett delivered the opinion of the court.

May 19, 1934, the claimant, Joshua Christian, filed in the probate court of Cook county a claim against the estate of Michael J. Teehan for the total sum of $3,127, by clerical error, apparently, stated as $3,227. The statement was verified by the affidavit of the claimant and consisted of five items as follows:

| | |
|---|---:|
| *Painting* at Wellington Hotel | $1,367.00 |
| Painting garage | 120.00 |
| Screening windows | 30.00 |
| Installing bathrooms | 210.00 |
| Decorating rooms | 1,400.00 |
| | $3,127.00 |

Thereafter, an amended statement of claim was filed for the sum of $1,727 composed of the following items:

| | |
|---|---:|
| "Decorating rooms at Wellington Hotel *including painting said rooms* | $1,367.00 |
| Painting garage and patching roof | 120.00 |
| Screening windows | 30.00 |
| Installing six bathrooms | 210.00 |
| | $1,727.00." |

The amended statement was also verified by the claimant and stated that all work was done intermittently between March 19, 1932, and March 13, 1934.

November 9, 1934, the probate court entered an order disallowing this claim. The claimant took an appeal to the circuit court where the cause was heard *de novo*, and that court, overruling two motions of the Estate for a new trial, made a finding in favor of the claimant in the sum of $1,750 for labor and services as set forth in the claim, and entered judgment in favor of the claimant to be paid in due course of administration.

It is contended for reversal that the evidence was so uncertain and doubtful that the judgment cannot stand, and, moreover, that the court erred in admitting incompetent evidence offered in behalf of the claimant.

The evidence shows that Teehan, who died in March, 1934, was in his lifetime the owner of the Wellington hotel, which was situated at 933 Edgecomb place, Chicago, and contained about 56 rooms. The claimant, Christian, was employed as janitor of the building and received compensation for his services at the rate of $12 a week. Mrs. Christian was also employed as a maid at the hotel. They were paid each month for their services, and they were paid in full.

The claimant testified in his own behalf and the Estate contends that he was an incompetent witness, citing section 2 of chapter 51 of the statutes. (See Illinois State Bar Stats. 1935, page 1615.) The section in substance provides that no party to a civil action or persons directly interested in the event thereof shall be allowed to testify of his own motion when any adverse party sues or defends as executor, administrator, etc.

Defendant did not object to the competency of the witness upon the trial and he cannot raise that question for the first time in this court. *Millard v. Millard,* 221 Ill. 86; *Smith v. Trefz,* 202 Ill. 587; *Kunkel v. Chicago Consolidated Traction Co.,* 156 Ill. App. 393. This rule, however, does not prevent this court from giving proper consideration to the interest of the witness in weighing his evidence. As a matter of fact, however, the witness did not testify directly as to the matters in issue. His testimony concerned only his own identification and the identity of documents in his handwriting purporting to be memoranda indicating the dates upon which he performed the work and labor upon which his claim is based. The court admitted these

documents in evidence over the objection of the Estate, and, it is earnestly contended by the Estate, erred in its ruling.

The heading of the first item is as follows:

"1932

Joshua Christian, Extra hours on Decorating room, March 17—Amount of hours 7 on    "       " "
Four pages of such items appear, covering a period of two years. Defendant says that these memoranda are not, properly speaking, books of account as described in section 3 of chapter 51 for the reason that they do not disclose debits and credits, but are at most self-serving declarations of the claimant and therefore no more admissible against the defendant, who defends as executor, than would be the testimony of the claimant himself. This contention must, we think, be sustained. *Graham & Morton Transp. Co. v. Young,* 117 Ill. App. 257; *United States Health & Accident Ins. Co. v. Harvey,* 129 Ill. App. 104; *Leist v. Busch,* 174 Ill. App. 331.

Evidence by claimant's wife, Virginia Christian, was also received over the objection of the Estate that she was an incompetent witness. There is a long line of decisions of our courts so holding, as claimant concedes. Indeed, in *Treleaven v. Dixon,* 119 Ill. 548, the Supreme Court expressly overruled its prior decision to the contrary in *Marshall v. Peck,* 91 Ill. 187. The rule then announced has been consistently followed in many cases down to *Evans v. Tabor,* 350 Ill. 206, decided in 1932.

The claimant contends, however, that this rule has been abrogated by an amendment to the statute adopted May 3, 1935. See Laws of Illinois, 59th General Assembly, 1935, page 869; Illinois State Bar Stats. 1935, ch. 51, sec. 5, page 1616. The entire section as

amended including the preamble and enacting clause as appears in the Session Laws is as follows:

"An Act in regard to evidence and deposition in civil cases, approved March 29, 1872, as amended.

"Be it enacted by the People of the State of Illinois, represented in the General Assembly:

"Section 1. Section 5 of 'An Act in regard to evidence and depositions in civil cases,' approved March 29, 1872, as amended, is amended to read as follows:

"Sec. 5. In all civil actions, husband and wife may testify for or against each other, provided that neither may testify as to any communication or admission made by either of them to the other or as to any conversation between them during coverture, except in actions between such husband and wife, and in actions where the custody or support of their children is directly in issue, and as to matters in which either has acted as agent for the other.

"Filed May 3, 1935. (Smith-Hurd, p. 1453; Cahill, p. 1404.)"

The claimant contends that by reason of this enactment husband and wife are now competent to testify for or against each other in the matter of the claim of either against the estate of a deceased person. Section 5 as it was prior to the amendment of May 3, 1935, is found in Illinois State Bar Stats. 1935, ch. 51, p. 1616. It provides in substance that husband and wife should not be rendered competent to testify for or against each other by virtue of section 1 of the Evidence and Deposition Act except in certain contingencies named, upon which, within certain provisos, they might so testify.

It will be noticed the amendment inserted this section as a part of the statute approved March 21, 1872, as amended. It is inserted as a part of that statute and must therefore be construed with reference to

these other particular sections of the Act, and the Act as a whole, and as amended. The Act does not specifically purport to change in any way the provisions of section 2, or of any section other than section 5. A long line of cases construing sections 1 and 2 as the same were and now are held that not only husbands and wives but other persons interested directly were incompetent to testify against the estate of a deceased person. We must presume the Legislature knew the law as thus declared. Some cases in addition to those already cited are *Mitchinson v. Cross,* 58 Ill. 366; *Schreffler v. Chase,* 245 Ill. 395; *Ely v. Prudential Ins. Co. of America,* 247 Ill. App. 345. The law does not favor repeal by implication, and section 13 of Article 4 of the Constitution (see Jones Ill. Stats. Ann. Vol. 1, page 249; Smith-Hurd, Illinois Annotated Statutes Constitution, page 445) contains several provisions the evident purpose of which is to prevent any such repeal except under circumstances where the effect thereof will be clearly and fully understood. To that end is the provision that no act may embrace more than one subject and that this subject shall be expressed in the title of the act, and that no law shall be revived or amended by reference to its title only, but that the law revived or the section amended shall be inserted at length in the new act. We concede that the general tendency of recent statutes as well as judicial construction has been in the direction of removing the restrictions by which witnesses are rendered incompetent to testify under the common law. The reasons therefor are well stated in *Funk v. United States,* 290 U. S. 371, where the Supreme Court held that in the absence of a Federal statute the wife of a defendant in a criminal case was competent to testify. That case was, however, clearly unlike this. The Legislature there had not acted. There was no statute applicable. Here we are required to construe a statute. It also differs in that

the particular case was of a criminal nature, while here we consider a civil action or proceeding. The problem before this court therefore is to determine just what the Legislature intended by the enactment of this amendment. This statute is plainly by inference limited to cases purely civil in their nature. Criminal cases are by inference excluded from its scope. The language of the statute also shows a further limitation in that it is made applicable alone to witnesses between whom the marital relationship exists or has existed. Indeed, its main purpose seems to be to define the communications which are and which are not privileged where the marriage relationship exists or has existed. It does not purport to cover the far larger class of witnesses, of which those between whom the relationship of husband and wife exists are only a part. The law applicable to the larger class is stated in sections 1 and 2 of the statute. Was it the legislative intention to make competent an interested husband or wife while other interested persons are rendered incompetent and disqualified to testify?

The language would seem broad enough to permit of such a construction if it were not evident from the whole statute that the Legislature did not intend such discrimination. When we read the several sections of the Act together as amended, it would seem that the question of the competency of interested witnesses to testify as against one defending as executor, etc., was not in the mind of the Legislature, was not considered by it, therefore that there could not have been any intention to change the long settled policy of this State with reference to such testimony.

We are disposed to hold that the phrase "in all civil actions," as used in the first clause of the sentence which composes the paragraph, must be limited by excepting therefrom actions where the party sues or defends as executor, etc. When so construed the sev-

eral sections harmonize with each other, and thus construed will express what was the evident intention of the Legislature. Notwithstanding the amendment of section 5, we hold that the wife of the claimant in this case was incompetent to testify, and that the admission of her testimony was error, which would alone compel a reversal of the judgment.

There are many circumstances in evidence tending to discredit the claim. One of these is the inconsistency between the original and the amended statement of claims, both of which are verified by the claimant. Another is the inherent improbability of the evidence. The deceased, it appears, was accustomed to make prompt payment of his obligations. It seems highly probable that if a contract in fact existed and work thereunder was actually done as alleged, some claim would have been made under the contract during the lifetime of the deceased, or some payment made by him thereon. There is no evidence of any such demand by defendant or partial payment by the deceased.

Excluding the incompetent evidence there remains in the record the testimony of Helen Taylor, a nurse, Mack Wiley, a janitor who lived nearby, and Hosea Rogers, a building contractor.

Helen Taylor gave indefinite evidence as to a supposed conversation between claimant and deceased in 1932, about decorating, and says that she saw claimant thereafter doing some work of that kind. Mack Wiley testified that in 1933 and 1934 he helped claimant cleaning rooms and plastering, and that he did about $50 or $60 worth of work altogether, for which claimant paid him. He also says that in July, 1933, Teehan said to him, "I understand Josh wants you to help him," and said, "I am going to pay Josh for this work, and if Josh don't pay you I will." Teehan afterward asked him, "Are you helping Josh"? to which the witness replied, "Yes" and Teehan said, "If Josh don't

pay you I will, because Josh is going to get $1,300 or $1,400 out of the job when the job is completed.'' He also said that he later asked Mr. Teehan how Josh was getting along and Teehan replied, ''Josh is getting along fine; he did a swell job painting up the building; nobody in Chicago could do it better,'' and further, ''When he gets it completed he is going to get a nice piece of money.'' The witness also said that claimant always paid him in cash for his work; that he does not remember how many rooms he plastered; and that he and claimant worked about four or five days getting a buzzer straightened out. Wiley also says that when Teehan died claimant was working on the fourth floor, and he does not know whether it was ever completed or not; that he didn't go over there any more after Mr. Teehan died; that he did not know who furnished the money to buy the materials, paints, brushes and pails, etc.

Rogers, a contractor, gave testimony as to the reasonable price for repairing rooms in a hotel of this kind in Cook county, at the time in question, and said that when he inspected the building in July, 1934, the work was apparently newly done, but whether it was done by the claimant or someone else he did not know. This testimony is hardly consistent with the theory that much of the work had been done beginning in 1932. The burden of proving claim was upon the claimant. *Crandall v. Carey-Lombard Lumber Co.*, 164 Ill. 474, and it is the duty of the courts to scrutinize with care claims against the estates of deceased persons. If the work was done and material furnished as claimed, much more competent and convincing evidence than was produced must be available.

For the errors indicated the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

McSurely, J., concurs.

(See next page.)

Mr. Justice O'Connor specially concurring: I concur in the result that the judgment be reversed and the cause remanded, but not in all that is said in the opinion.

Section 5, which was enacted in 1935, does not purport to lift the common law disqualification of husband and wife where the adverse party defends as executor, etc., as specified in section 2 of the Act.