Dr. Earl S. McRoberts, Claimant-Appellant, v. Estate of Martin H. Kennelly, Deceased, Respondent-Appellee.

### Gen. No. 49,304.

First District, Fourth Division.

September 9, 1964.

Vincent D. McConnell and Ruth L. Leffler, of Chicago, for appellant.

Gardner, Carton, Douglas & Chilgren, of Chicago (Joseph P. Carr and John K. Notz, Jr., of counsel), for appellees.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

This appeal is from an order of the Probate Court disallowing a claim against the estate of Martin H. Kennelly in the amount of $11,000 for medical services rendered to the decedent during the five-year period preceding his death in 1961.

██ ██ The principal argument on behalf of the estate is that the record conclusively establishes that all claimant's services were rendered gratuitously with no expectation of payment. At the outset let us say that we are aware of the general rule, as stated in In re Estate of Foster, 46 Ill App2d 319, 326, 197 NE2d 257 (1964), that "where services are rendered by one person for another, which are knowingly and voluntarily accepted, without more, the law presumes that such services were given and received in the expectation of being paid for, and implies a promise to pay their reasonable worth. (58 Am Jur Work and Labor, sec 6, p 514; In re Holta's Est., 246 Iowa 527, 68 NW2d 314, 47 ALR2d 1132; Ginders v. Ginders, 21 Ill App 522, 525; Neish v. Gannon, 198 Ill 219, 221, 64 NE 1000.)" See also Pope v. Speiser, 7 Ill2d 231, 237, 130 NE2d 507 (1955); City of Chicago v. Pittsburg, C., C. & St. L. R. Co., 146 Ill App 403, 410 (1909).

In following this rule the court, in Floyd v. Estate of Smith, 320 Ill App 171, 176, 50 NE2d 254 (1943), allowed recovery for the value of services, but pointed out that there was no evidence that would permit it to conclude that the decedent did not intend to pay or that the claimant did not expect to receive payment:

Where no kin or family relationship exists between the parties, and one accepts and retains

35

the beneficial results of another's services, which were rendered at his own insistence and request and *which he had no reason to suppose were gratuitous,* the law will imply liability for such services in such an amount as they are reasonably worth. The evidence in this case discloses that the claimant is of no kin to Mr. Smith, and that they were not acquainted with each other prior to her visit to her sister in Mt. Carmel, and we do not believe the relationship of the parties would give rise to any implication that Mr. Smith would expect the claimant, a stranger, to come from Marion to Mt. Carmel and assume the duties, which she did, without the expectation of being paid therefor. There is nothing in this evidence that when fairly considered, would permit us to conclude thereform that Mr. Smith did not intend to pay and the claimant, on the other hand, did not expect to receive pay. Under such circumstances, the law implies an obligation to pay. (Emphasis supplied.)

A somewhat different situation is found in the case of In re Estate of Foster, supra, where the court held that the family relationship between claimant and decedent raised a presumption of the gratuitous nature of services, and then examined whether there was sufficient evidence to rebut this presumption. The court considered relevant the fact that the claimant had never submitted a bill to decedent or asked for any pay, or kept an account. In addition the court stressed that no payment had been made to her during the extended period of time she rendered services and concluded (at 331): "If he expected to pay her for these services, it seems incredible that he did not do so."

In distinction to the Foster case, the estate here does not contend that there is a presumption that the services were gratuitous but rather that claimant's own

36

evidence [1] proves that they were rendered without expectation of payment. However, some of the factors considered in the Foster opinion are relevant to our determination. Thus, one of the facts demonstrating the gratuitous nature of the services is that no charges were entered against Kennelly in claimant's accounts at the time the services were rendered, despite the fact, testified to by claimant's secretary, that it was the custom and practice to note on each patient's card the charges for the particular visit. This was not done in the case of Kennelly. Further, she said that she kept a daily list of paying patients, and that Kennelly's name was never put on such a list.

In Evans v. Henry, 66 Ill App 144, 146 (1895), the court reversed a judgment for plaintiff, in an action for services and material furnished to the defendant, stating in language appropriate to the case at bar:

> It appears somewhat strange that if the items in the claim for services . . . were just and that appellee intended to charge for them at the time, that he should have made no charge of them in his books . . . .

Another factor in the instant case was that the services were rendered over a period of many years, during which time, it is conceded, no bill for such services was ever sent. And claimant's secretary testified that she knew of no demand for payment. We agree with the reasoning of the Rhode Island Supreme Court in Wright v. Sheldon, 24 RI 336, 53 A 59 (1902), which held that plaintiff could not recover for services rendered to defendant over a thirty-year period:

> When relations of this character have been so long continued without any contract for payment, or any claim for such payment, the natural presumption is that the service was rendered as a

---

[1] No evidence was introduced on behalf of the estate.

friendly act, and it is too late to bring in a charge for such service after it has ended. Where the parties have not made a contract in such a case, the court can neither make one nor imply one.

Also of probative value is the fact of friendship, even though it may not be as persuasive as a close family tie. Here, the decedent and claimant were business and social friends of long standing. See Payne v. Bank of America Nat. Trust & Sav. Ass'n, 128 Cal App2d 295, 275 P2d 128 (1954); Cotton v. Roberts' Estate, 47 Tenn App 277, 337 SW2d 776, 779 (1960).

An additional element in the instant case is the custom and practice of claimant to treat without charge certain patients, such as priests, nuns and ministers. No charge was noted on the cards for these patients, nor for Kennelly. Their names were not placed on the daily list of paying patients, nor was the name of Martin Kennelly. The cards for these patients were kept separate from the other patients, as was Kennelly's. A reasonable conclusion is that Kennelly was in the same category as those others who were not charged for services, though apparently for a different reason.

No contrary evidence was offered by claimant to the effect that decedent promised to pay for claimant's services, or that he expected to pay.

We believe that the trial court's disallowance of the claim was not against the manifest weight of the evidence. Under this circumstance we need not determine points raised by claimant relating to adverse rulings during the testimony of claimant's expert witness who sought to give his opinion as to the value of the services rendered.

The order of the Probate Court is affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.