In the Matter of the Estate of George M. Heyder, Deceased, Respondent-Appellee, v. Faith M. Toms, Claimant-Appellant.

Gen. No. 65–23.

Second District.

October 1, 1965.

Rehearing denied October 22, 1965.

George Yellen, of Chicago, for appellant.

Edward J. Vertovec, of Elmhurst, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an appeal from the order of the Circuit Court of DuPage County entered December 16, 1964, denying the $8,000 claim of Faith M. Toms against the estate of George M. Heyder, deceased, and from the order of January 14, 1965, denying the claimant's motion to amend her claim on its face, by changing the date therein from October 1958 to March 1960, and denying claimant's motion to vacate the order of December 16, 1964.

The present appeal is the sequel to Toms v. Lohrentz, 37 Ill App2d 414, 185 NE2d 708 (2nd Dist 1962) wherein this court affirmed the trial court's dismissal for want of equity, of Count I of the complaint of Faith M. Toms, which sought specific performance of an alleged contract to make a will and affirmed the trial court's judgment in bar of plaintiff's recovery on Count II of her complaint, which sought to posthumously establish paternity of her child and enforce liability for necessary medical bills and support of the child against the estate and the heirs of the putative

father, George M. Heyder, deceased. Faith M. Toms, the claimant herein, was plaintiff therein.

In the case at bar, Faith M. Toms filed an $8,000 claim against the estate of George M. Heyder, deceased, which stated: "That a claim herein is for Eight Thousand Dollars ($8,000.00) under an agreement had between the Decedent and this Claimant, whereby, Decedent promised and agreed to turn over said sum orally to this Claimant, on or about the month of October 1958."

The evidence established that George M. Heyder died April 11, 1960; that he attended a birthday party in November 1959, at which the parents of Faith M. Toms, and other members of the family, were present; that he then announced to the parents that Faith was pregnant; that he was the father of the child and wanted to take care of her; and that they were going to be married. Later, George, Faith, and a friend went out to a furniture store together. At that time, George said they were going to buy their furniture and they did purchase some lamps.

On March 10, 1960, George M. Heyder attended a birthday party for Faith's sister, at which members of the family were present and Faith's mother asked George what he was going to do about Faith. George replied: "I am going down town, I am going to take care of you (Faith), I am going to draw $8,000 from the bank because we need money to work upon, and as soon as I get an opportunity I am going down and do it. Go ahead with your plans, I am with you on all of it." Two nights before George died he answered a question concerning whether he had taken care of Faith by saying: "No, I have been ill, I have not been down town to take care of anything." George is also reputed to have said that "in order to go ahead with their plans, he had to go to the bank, get $8,000 give it to her (Faith); that he would give her the

money in order to go ahead with their plans; and that he would provide for her in a will."

In response to the claim asserted by claimant, the administrator filed an answer in which he denied the existence of the oral agreement upon which the claim was based. Thus, issue was joined on the existence of the oral agreement and the validity of the claim.

██ Under these circumstances, it was incumbent upon claimant to prove her claim as a valid obligation against the estate. Claims against an estate should not be permitted to prevail except upon clear and convincing proof, and the evidence pertaining thereto must be carefully scrutinized. In re Estate of Busse, 332 Ill App 258, 270, 75 NE2d 36 (2nd Dist 1947); Floyd v. Estate of Smith, 320 Ill App 171, 172, 50 NE 2d 254 (4th Dist 1943); In re Estate of Teehan, 287 Ill App 58, 67, 4 NE2d 513 (1st Dist 1936).

██ This is not a claim for services rendered by a stranger and therefore claimant cannot benefit by the presumption of an implied contract for compensation. LaRocque v. Martin, 344 Ill 522, 526, 176 NE 734 (1931). If claimant is to recover, she must do so by virtue of the existence and validity of the alleged oral agreement of decedent to turn over $8,000 to her.

It is true that George acknowledged the paternity of the child with which Faith was pregnant; that he announced his intent to marry Faith and care for her; that he stated that he would draw $8,000 from the bank, as soon as he had the opportunity to do so, "because we need money to work upon; that he would give her the money in order to go ahead with their plans; and that he would provide for her in a will."

However, there is no testimony concerning the nature, extent or purpose of these plans. George never withdrew the money from the bank and failed to provide for Faith by will. It has been determined

that these nebulous statements fell short of the clear and convincing proof required to sustain a suit for specific performance of a contract to make a will. (37 Ill App2d 414). We face the question of whether this same type of evidence satisfies the requirement of the law that claims should not prevail against an estate, except upon clear and convincing proof, and then only after being scrutinized with care. In re Estate of Busse, supra

We recognize the difficulty of establishing a claim of this character against an estate, but also appreciate the necessity of requiring that the burden of proving such claim must rest on the claimant, and that such claim must be proven by clear and convincing evidence. The decedent's inability to refute such claim finds safeguard and compensation in the foregoing rules of law pertaining to burden of proof and the quantum thereof required.

The claim in the case at bar, is based on an alleged oral contract which, from the evidence, appears to have been an ambiguous unilateral expression of a future desire or intent of the decedent, vaguely stated, uncompleted at the time of his death, and without mutuality on the part of the claimant. The vague and indefinite terms of the statement fall far short of the requisites of a valid contract. If George M. Heyder's words constituted an offer, the testimony does not reveal an acceptance of such offer. Also, the evidence does not reveal the consideration for such alleged offer, or whether such consideration, if any, was legal.

The trial court saw the witnesses and heard their testimony, and then found that the claim had not been proven by sufficient evidence. We, too, find the claimant's proof neither clear nor convincing. The trial court's denial of claimant's motion to amend her claim

is immaterial. The amendment could not supply the deficiencies in the evidence.

■ We can only set aside the orders appealed from if they are against the manifest weight of the evidence. In order for such circumstances to exist, an opposite conclusion must be clearly evident. Economy Truck Sales & Service, Inc. v. Granger, 61 Ill App2d 111, 209 NE2d 1, 5 (2nd Dist 1965); Larson v. Fell, 55 Ill App2d 418, 428, 204 NE2d 475 (2nd Dist 1965). Such conclusion is not clearly apparent in the case at bar.

Accordingly, the orders appealed from are affirmed.

Orders affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.