Villette Allfree, Claimant-Appellant, v. Estate of Frieda Rosenthal, Deceased, Defendant-Appellee.

Gen. No. 51,961.

First District, Fourth Division.

July 9, 1969.

Rehearing denied August 20, 1969.

John H. Hanson and Victor E. Karlsen, of Chicago, for appellant.

Black and Beermann, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

This appeal is from denial of a claim against the Estate of Frieda Rosenthal in the amount of $6,500 (subsequently reduced by claimant to $4,000) for room, board, and personal services furnished to decedent during the five-year period from 1960 to the time of her death in September 1965. The theory of claimant's case is that there was an express understanding and agreement that decedent would pay a fair and reasonable price for those services, that price being $25 per week. A hearing was held without a jury, and at the close of claimant's case, the court, on defendant's motion, dismissed the claim. The court also denied claimant's motion to reconsider or, in the alternative, to grant a new trial.

██ First, we are concerned with section 64(4) of the Civil Practice Act, which provides:

> (4) Upon the trial of a proceeding in equity and in cases at law tried without a jury defendant may, at the close of plaintiff's case, move for a finding, judgment or decree in his favor. *In ruling on the motion the court shall weigh the evidence. . . .* (Emphasis supplied.) Ill Rev Stats (1965), c 110, § 64(4).

Claimant contends that on a motion such as the one in the instant case for a finding in favor of the estate at the close of claimant's case, the trial court must decide whether "all of the evidence in favor of the claimant, taken to be true, together with all legitimate inferences, fairly tends to sustain the cause of action"; that the court has no right to pass on the credibility of the wit-

92

nesses, or to consider the weight or the quality of the testimony, or any purported impeachment, citing Moldenhauer v. Krynski, 62 Ill App2d 382, 210 NE2d 809, and Continental Illinois Nat. Bank v. National Casket Co., 27 Ill App2d 447, 169 NE2d 853.

The Moldenhauer case is inapplicable because it involved a jury trial. The opinion in the Continental Illinois Nat. Bank case did approve the proposition for which claimant contends, but it makes no mention of the statute quoted above and expressly relies upon a number of cases, all of which preceded the 1955 amendment of the statute which added the sentence directing the court to "weigh the evidence." Our assumption is that the attention of the court in the Continental Illinois Nat. Bank case had not been directed to the statutory change. The legislative intent seems to us perfectly clear and directly contrary to claimant's contention. See Miller v. Heller, 106 Ill App2d 383, 392–393, 246 NE2d 150, and Brubaker v. Gould, 34 Ill App2d 421, 440–450, 180 NE2d 173. From this viewpoint, therefore, we shall review claimant's evidence.

█ Claimant testified that she had known the decedent for fifteen or twenty years. Further testimony as to the relationship between claimant and decedent was objected to on the basis of the "Dead Man's Act." Ill Rev Stats (1965), c 51, § 2. The objections were properly sustained. Mayo v. Mayo, 302 Ill 584, 135 NE 90; Estate of Moore, 310 Ill App 365, 33 NE2d 130; Estate of Niehaus, 341 Ill App 454, 94 NE2d 525.

Sam Gerhardt testified that he was the janitor in the building where decedent had lived for twenty-one years. He had known her for sixteen years and had had frequent conversations with her. In 1960, she had gone to live with claimant, although she did not then remove her furniture from the apartment. He and his wife had visited decedent at claimant's apartment two or three times and she had visited them six or eight times. In 1962, just before

93

decedent did have her furniture moved, he had a conversation with decedent in the presence of claimant. During this conversation, claimant told him that decedent was not giving her any money and she (decedent) wanted to move back. He said that decedent couldn't live alone and that the only alternative to her living with claimant was to put her in a county convalescent home, which would be more expensive. Decedent stated that she had money, and they parted with the understanding that she would pay claimant $25 a week for her room and services. Decedent lived with claimant until her death. She had seemed to be in fair health for a woman her age, seldom going to doctors or dentists.

Mrs. Kathryn Gerhardt testified that she became acquainted with claimant through several visits made with decedent. Decedent lived her last five years with claimant, who cooked for her and accompanied her to a doctor and a dentist. Decedent took her meals with claimant and she did little housework. Many times she was unable to do anything but "go out of the house and go to the store." On one occasion, the witness saw decedent have an epileptic fit, and she stayed with her for a half hour.

. . . . . .

 Claimant was not related to decedent. When there is no family relationship, such a claim may be allowed upon a showing of either an express or an implied contract or obligation on the part of the decedent. An express contract may be proved by an actual agreement, by direct evidence, by the express words used by the parties, and also by circumstantial evidence. Rush v. Estate of Rush, 27 Ill App2d 242, 246, 169 NE2d 538. To recover under an express contract, the claimant must prove the contract by clear and convincing proof. Floyd v. Estate of Smith, 320 Ill App 171, 50 NE2d 254. An implied contract may be proved by circumstances showing that the parties intended to contract, and by the general

course of dealing between them, their acts, expressions, and conduct. Rush v. Estate of Rush, supra; In re Estate of Mallas, 100 Ill App2d 88, 241 NE2d 482. To establish a contract it must be shown by the facts and circumstances that, at the time the services were rendered, one party expected to receive payment, and the other expected to make payment. Thus, where no kinship or family relationship exists between the parties and one accepts the benefits of another's services, which were rendered at his insistence and request, and which he had no reason to suppose were gratuitous, the law will imply liability for the services in such amount as they are reasonably worth. Floyd v. Estate of Smith, supra; McRoberts v. Kennelly, 52 Ill App2d 34, 201 NE2d 680; In re Estate of Mallas, supra; Runowicz v. Rock Island Bank & Trust Co., 90 Ill App2d 222, 232 NE2d 459. Claimant, under the facts now before us, however, failed to establish an evidentiary basis for recovery under either an express or an implied obligation theory.

■ Although it is clear that decedent lived with claimant from 1960, there was no adequate showing that claimant expected to be paid or that decedent expected to pay for claimant's services. There were no records, accounts, or bills. A gratuitous intent in furnishing the service gains support from the concern of decedent's acquaintances for her health and the particularly long lasting acquaintance of claimant and decedent. McRoberts v. Estate of Kennelly, 52 Ill App2d 34, 38, 201 NE2d 680.

There does not appear to have been any demand for payment until 1962, and, when such a demand was made, decedent was apparently willing and able to pay, according to Gerhardt's testimony. There was thus some evidence that sometime in 1962 decedent had expressly agreed to pay claimant $25 per week for her services. We agree with the comment of the trial judge, however, that this testimony was rather vague. In any event, this

agreement, if such it was, may well have been satisfied by a payment of $2,500 made by decedent to claimant in 1965. Claimant made no accounting of this money except by her counsel's offer, in the midst of trial, to reduce the claim to $4,000, although it had been filed on April 20, 1966, with claimant's verification in the amount of $6,500. We note also that there is no evidence that claimant was not paid anything for the period 1960 to 1962.

The order of the Circuit Court is affirmed.

Affirmed.

McNAMARA and STAMOS, JJ., concur.