ELVIRA WEST, Claimant-Appellant, v. ESTATE OF ARTHUR J. MALECK, Deceased, Objector-Appellee.

(No. 70-74;

Second District—February 3, 1971.

Richard R. Bairstow and Frederick D. Rawles, both of Waukegan, for appellant.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, (John F. Kennedy, of counsel,) for appellee.

Mr. JUSTICE O'SULLIVAN delivered the opinion of the court:

Claimant-Appellant, Elvira West, appeals from an Order, entered

in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Probate Division, which found that the claim for property which was registered in joint tenancy between decedent and claimant be satisfied by dividing said joint tenancy property equally between claimant and decedent's estate, and which found claimant had received the entire one-half share of the proceeds to certain previously held joint tenancy property, and which found the interest claim was for an amount already paid to and received by claimant and was therefor not allowable; and which found that all dividend checks presently uncashed and made payable to claimant and decedent jointly be considered one-half the property of claimant and one-half the property of decedent.

Claimant-Appellant is the former wife of decedent, having been divorced in January 1960. Prior to the divorce, July 23, 1959, the parties entered into a Property Settlement Agreement. Subsequently, on December 28, 1959, the parties "divide between themselves equally all stocks, bonds, and cash on hand other than cash, which is a part of the store business, operated by decedent, being a grocery store known as "Maleck's Grocery Store", Gurnee, Illinois, and such division of said assets to be made on or about January 1, 1960, and shall be made by the parties at their convenience and to their satisfaction." Claimant-Appellant admits the entering into of the Addendum, but she claims that subsequent to said Addendum an oral agreement was entered into between decedent and claimant to hold the stocks and bonds in joint tenancy with the right of survivorship.

The Objector-Appellee relies on the terms of the Addendum, dated December 28, 1959.

In order to maintain her position Claimant called Frank C. Potter, President of American National Bank and Trust Company of Waukegan, Illinois, who testified that on or about December 1, 1966, the name of the bank was changed from Little Fort Bank and Trust Company to American National Bank and Trust Company. At the time notification was given to all stockholders to surrender their Certificates of Stock, so that new Certificates could be issued. According to bank records Certificates of Stock in the Little Fort Bank and Trust Company were then outstanding in the name of Arthur and Elvira Maleck. Arthur Maleck surrendered the Certificates, and both Arthur Maleck and Claimant endorsed the Certificates in his presence. However, since Claimant objected to Mr. Maleck's request that the stock be re-issued in his name and that of his present wife, the Certificates were not issued, and Mr. Potter asked Mr. Maleck for further instructions. Mr. Maleck gave no further instructions before he died, and the stock continued to be held as originally issued. Although Mr. Potter recollected adding the name

"West" on the original shares, he could not remember whether they were held in joint tenancy.

Karen Maleck Phillips testified that in 1960, the year of the divorce, she was living with her father in Gurnee, Illinois. Regarding the stock she testified only that some of the assets of the marriage were to be divided equally, and some stocks and bonds were to be held in joint tenancy. She could not recall what stocks were to be held in joint tenancy, except that she and her father talked about the Little Fort Bank. She also said that Claimant permitted Mr. Maleck to use certain money, to which she was apparently entitled, and in return he gave Claimant a second Mortgage on his home. Further, she stated that the signature on the back of a check, issued by Link, Gorman, Peck & Company, was not her mother's, but that her mother's signature did appear on the Addendum.

Sandra Maleck Cowsky also testified that she was present when her father, sister Karen, and she discussed the property settlement, and she recalled that some of the stocks and bonds were divided, and they held some in joint tenancy. The only shares in joint tenancy were the Little Fort of Waukegan. She added that Claimant was supposed to have $12,000 cash as a result of the settlement, but that Claimant permitted Mr. Maleck to use this money to operate his business in return for a second Mortgage on his home. She also testified that the signature on the reverse of the check was not her mother's, but that her mother had signed the Addendum.

The above is the evidence presented by Claimant to sustain the oral agreement, which she claims was entered into and would take precedence over the Addendum.

It is apparent from the testimony of Mr. Potter that decedent did not intend to have the bank stock re-issued in his name and the Claimant in joint tenancy. The date of the change of the name of the bank, on or about December 1, 1966, was after the conversation between the two daughters and decedent.

A letter was introduced from Link, Gorman, Peck & Company, which indicated that on June 18, 1964, five hundred shares of stock in Illinois Mid-Continent Life Insurance Company were sold, and that on June 24, 1966, $2,244.00 was transferred to Arthur J. and Pearl R. Maleck. The remainder of the proceeds, $2,669, was paid to Arthur J. Maleck and Elvira S. Maleck by check, which was deposited in the bank account of Arthur J. Maleck.

Claimant also introduced a letter from Morgan Guaranty Trust Company, which indicated that their records showed that decedent and Claimant held 15 shares of Conwood Corporation in joint tenancy.

In proving the validity of her claim against the Estate the burden was plainly upon Claimant to prove her claim by clear and convincing evidence. *In re Estate of Heyder v. Toms* (1965), 62 Ill.App.2d 318, 321 the Court said:

"Under these circumstances it was incumbent upon claimant to prove her claim as a valid obligation against the estate. Claims against an estate should not be permitted to prevail, except upon clear and convincing proof, and the evidence pertaining thereto must be carefully scrutinized."

Claimant relies entirely upon the recollection of the daughters back some nine years to establish her proposition that he intended to abandon the Addendum, and that the parties entered into a new and subsequent oral contract. This evidence is strongly suspect. *In re Estate of Hanson* (1940), 304 Ill.App. 157, 161 the Court said:

"* * * Courts have repeatedly held that they are not bound to accept testimony, even when uncontradicted, if it is not clear and convincing, or if it is palpably improbable. This is particularly true, when it relates to statements, attributed to persons that have since died."

Continuing from *In re Estate of Hanson, supra,* in reaching this conclusion the Court cited *Laurance v. Laurance,* 164 Ill. 367; 45 N.E. 1071, 1073, and *Meggison v. Meggison,* 367 Ill. 168; 10 N.E.2d 815, 821 for the proposition that admissions of a person since dead must be carefully scrutinized, as such evidence is liable to be abused. At page 162 the Court also quoted from *Davidson v. American Paper Mfg. Company, Inc.,* 88 La. 69; 175 So. 753; 114 A.L.R. 1044, 1052, as follows:

"Extrajudicial admissions of a dead man are the weakest of all evidence. They cannot be contradicted. No fear of detection in false swearing impends over the witness. In most instances the testimony is scarcely worthy of consideration."

In reference to division of the proceeds from the Illinois Mid-Continent Life Insurance Company shares, sold on June 18, 1964, for $4,913, approximately one-half of the proceeds were transferred to Arthur J. Maleck and his second wife to pay for other stock, and the other half was deposited in the account of Arthur J. Maleck in the Little Fort Bank and Trust Company of Waukegan. The check in payment for the stock of the Illinois Mid Continent Life Insurance Company was made payable to Arthur J. Maleck and Elvira A. Maleck, his first wife. The two daughters testified that the endorsement on the check was not the signature of Claimant.

It is therefor the opinion of this Court that the Claimant received nothing from the stock referred to above. It is therefor found that Claimant is entitled to $2,456.50 from the Estate of Arthur J. Maleck, Deceased,

and it is ordered that judgment for said amount be entered in this Court together with interest from June 24, 1964.

Except for our findings and judgment as set forth herein we are of the opinion that the Order of the Circuit Court of Lake County be affirmed.

Order affirmed.

T. MORAN and ABRAHAMSON, JJ., concur.