*In re* ESTATE OF ROY LIKES, Deceased—(ALICE LUCILLE BONIFIELD, Claimant-Appellee, *v.* FRED SCHWARTZ, SR., Exr. of the Estate of Roy Likes, Deceased, Defendant-Appellant.)

(No. 11690;

Fourth District—August 2, 1972.

Pierson & Gorman, of Quincy, for appellant.

Schimmel and Schimmel, of Pittsfield, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Estate of Roy Likes, deceased, appeals from a judgment of $3640.00 entered in the allowance of a claim filed against the estate by plaintiff-appellee, Alice Lucille Bonifield. The claim recited that it was "For personal services rendered from February 1, 1968, to February 1, 1970—services consisted of house cleaning, meals furnished and transportation $3640.00".

Likes died February 22, 1970, at the age of 91, and his Will, plus two codicils were admitted to probate on April 13, 1970. The evidence presented by the plaintiff in support of her claim was as follows: Alice Nestrick testified that she had seen the plaintiff cleaning Likes' house, run errands for him and take Likes places in his car, and that cleaning women in the community received $1.00 per hour. Nellie Kinney, a neighbor of the decedent, saw plaintiff driving him in his car and observed her doing cleaning. Mildred Fitzgerald, another neighbor saw plaintiff at Likes' home nearly every day and observed that plaintiff occasionally got meals from a nearby restaurant and took them to Likes, observed plaintiff driving Likes about, she saw plaintiff go into the house but did not know whether she did any work inside. This witness also testified that $1.00 per hour was the going rate for such services and she thought that $35.00 per week would constitute reasonable compensation. Walter Garner had known Likes for twenty years and was in Likes' home on several occasions during the last two years of decedent's life. He saw plaintiff there, she was cleaning the house and fixing meals. On December 24, 1969, Garner asked Likes if he needed any help to which Likes responded that plaintiff took care of him and gave him all the help he needed and added that "* * * Mrs. Bonifield would be well paid after his death." This was the only reference that decedent made, in his conversations with Garner, about compensation to Mrs. Bonifield. Garner testified that Likes did not say that he had told Mrs. Bonifield that she would be paid. Likes did tell Garner that he expected Mrs. Bonifield to run errands for him. This is the extent of plaintiff's evidence in support of her claim.

The defendant's evidence established the following: Decedent's Will was executed on September 19, 1967. Neither Mrs. Bonifield nor her husband, Russell Bonifield, were mentioned in the Will. They were tenants on farms owned by Likes, and had been for many years. On May 9, 1969, Likes executed a codicil nominating "* * * my friend, Alice Lucille Bonifield" as Executor of his Will if Fred Schwartz, Sr., the first named Executor failed to qualify. On January 13, 1970, Likes executed

a second codicil to his Will giving his automobile to plaintiff. The automobile was a 1968 Cadillac Sedan Seville appraised in the estate at $3050.00 and Illinois Inheritance Tax was assessed on the basis of that valuation.

In 1965, Likes had entered into a contract to sell a 360 acre farm to Mr. and Mrs. Bonifield for the sum of $60,000.00. On March 12, 1969, the Bonifields owed a principal balance on the contract in the amount of $42,000.00, having paid $18,000.00 during the preceding four years. On March 12, 1969, Likes cancelled the $42,000.00 debt and gave the Bonifields a deed to the farm. He then Filed a Federal Gift Tax Return which detailed the transaction, showed a resulting gift of $21,000.00 to plaintiff, a like gift to her husband and Likes paid the gift tax since the gifts exceeded his exemption.

Sometime prior to the year 1970, the Bonifields began operating another farm belonging to Likes. This tract consisted of 190 acres of land and the lease also granted the Bonifields an option to purchase the land for the sum of $100,000.00. On January 29, 1970, the Bonifields accompanied Likes to the office of his attorney and a contract was executed for the sale of the 190 acre tract to the Bonifields for the sum of $60,000.00 and a deed of conveyance placed in escrow. The unrebutted expert testimony was that the tract was worth $117,000.00 at the time.

The claim filed does not set forth the theory upon which claimant sought to prevail, and the trial court's finding was simply that it was a "just claim".

■■ The burden of proving a contract or obligation against the estate of a decedent is upon the claimant. *In re Estate of Pohn*, 67 Ill.App.2d 227, 214 N.E.2d 553; *Allfree v. Estate of Rosenthal*, 113 Ill.App.2d 90, 251 N.E.2d 792.

■■ The claimant was not related to decedent, and when no relationship exists a claim may be allowed upon showing of either an express or implied contract between the claimant and decedent. (*Allfree v. Estate of Rosenthal*, 113 Ill.App.2d 90, 251 N.E.2d 792; *In re Estate of Mallas*, 100 Ill.App.2d 88, 241 N.E.2d 482; *In re Estate of Pohn*, 67 Ill.App.2d 227, 214 N.E.2d 553.) An express contract may be proven by an actual agreement, by the express words used by the parties, and also by circumstantial evidence. (*Allfree, supra; Rush v. Estate of Rush*, 27 Ill.App.2d 242, 246, 169 N.E.2d 538.) An implied contract may be established by circumstances showing that the parties intended to contract, and by the general course of dealing between them, their acts, expressions and conduct (*Allfree, supra, Rush, supra*), and to establish a contract it must be shown by the facts and circumstances that, at the time the services were rendered one party expected to re-

ceive payment and the other expected to make payment (*Allfree, supra*), and claims against the estate of a decedent are to be scrutinized with care. *In re Estate of Pohn*, 67 Ill.App.2d 227, 214 N.E.2d 553; *In re Estate of Heyder v. Toms*, 62 Ill.App.2d 318, 210 N.E.2d 619.

■■ It is clear that claimant has failed to establish an express contract. The decedent's statement, testified to by the witness Garner is nothing but a precatory statement, a statement of a present intention to make a future gift to the claimant, and did not constitute an enforceable promise. (*Dewein v. Dewein*, 30 Ill.App.2d 446, 448, 174 N.E.2d 875.) There is no evidence that this statement of intention was ever communicated to Mrs. Bonifield or that she relied upon it. We also note that by the Second Codicil to his Will, executed approximately one month prior to his death, Likes carried out his stated intention and gave claimant his Cadillac automobile.

■■ The court of dealings and conduct between Likes and the Bonifields completely negatives any inference of employee-employer relationship between them, and in our view establishes quite the contrary. Likes, in designating claimant as Executor of his Will in the event that Schwartz failed to qualify, referred to her as "my friend, Alice Lucille Bonifield". That she had been treated as a friend (and a good one indeed) seems amply demonstrated by the details of the sale of two farms to her and her husband, as a consequence of which they purchased properties worth approximately $177,000.00 for a net cost of $78,000.00. This course of dealing is not consonant with individuals dealing at arm's length or with the claimed employee status of Mrs. Bonifield. It is also significant that there is no evidence that Mrs. Bonifield ever presented a bill for her services or received any payment during the two year period in question. That Likes was well able to meet current expenses is demonstrated by the fact that the Illinois Inheritance Tax Return filed in this estate showed a Total Net Estate worth $218,238.10. In addition the evidence offered by claimant was so lacking in detail and specificity that the allowance of the claim is not a judgment supported by the evidence. There was testimony that the "going rate" for house cleaning in the community was $1.00 per hour, but there was not one shred of evidence as to the number of hours involved. Whether Mrs. Bonifield averaged two hours per day, seven days a week, twenty hours a week or whatever is not established by any witness. The claim is also predicated, in part, upon "furnishing meals" but there is no evidence that the claimant did so at any out-of-pocket costs to herself. This failure to even approximate the hours involved would, in itself, warrant reversal of the judgment below. *Rush v. Estate of Rush*, 27 Ill.App.2d 242, 169 N.E.2d 538.

The claimant has failed to establish a basis, in the evidence, for re-

covery under either an express or implied contract theory, and also failed to prove the extent of the services allegedly rendered with sufficient particularity to support the judgment even assuming that a contract had been established.

Judgment reversed.

TRAPP, P. J., and SMITH, J., concur.