In re Estate of LAWRENCE WAKEFIELD, Deceased,—(JESSIE WAKEFIELD, Petitioner-Appellant, *v.* JAMES L. O'KEEFE, Public Adm'r *et al.,* Respondents-Appellees.)

(No. 58513;

First District (3rd Division)—April 4, 1974.

Luster & Luster, of Chicago, for appellant.

Owens, Owens & Rinn, of Park Ridge, for appellees.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Petitioner filed a petition in the probate division of the circuit court of Cook County seeking to amend a proof of heirship and asking that she be declared the surviving spouse of the decedent, Lawrence Wakefield. The petition was heard by the trial court without a jury, and resulted in an order finding that petitioner had failed to establish that she was decedent's surviving spouse and dismissing the petition.

On February 19, 1964, decedent died intestate in Cook County. On February 21, 1964, a petition for letters of administration was filed by James L. O'Keefe, Public Administrator. In 1966 a declaration of heirship was entered reciting that respondents James Gamby and Elsie Gamby Bell were the only known heirs of decedent.

Approximately 5 years later, on March 11, 1971, petitioner filed her petition alleging that she was the common-law wife of decedent. She claimed that she became the common-law wife of decedent in October 1928 in Detroit, Michigan, and lived with him in Michigan until 1933. She further alleged that she moved to Chicago with decedent in 1933 and lived there with him until 1934.

On May 24, 1920, petitioner married Harry Dore in Chicago, and did not divorce Dore prior to his death in November, 1928. The petitioner married Levi McBride in 1950.

At the hearing on the petition on July 31, 1972, the court sustained respondents' objection and ruled that petitioner was incompetent to testify under the "Dead Man's Act." Ill. Rev. Stat. 1971, ch. 51, par. 2.

Argie Post of East Detroit, Michigan, testified for petitioner that they were acquainted and that she knew petitioner as Jessie Dore. In 1928, at a social gathering in Detroit, petitioner introduced the decedent as her husband. At the same time, the decedent stated that petitioner's name

was Wakefield. Thereafter, Argie Post moved into an apartment with the petitioner and the decedent. The witness had one bedroom, and the couple shared the other bedroom. During this time, they addressed each other as husband and wife. The witness further testified that the decedent and petitioner left for Chicago in 1934, while she remained in Detroit. Respondents introduced evidence of Argie Post's prior convictions.

Respondents' evidence at the hearing consisted of documentary evidence: a certified copy of the marriage license issued to petitioner and Levi McBride in 1950, which stated that Jessie Dore was a widow who had been married only once; and decedent's death certificate containing the information that he never married.

Petitioner initially contends that the trial court erred in allowing respondents' motion for a directed finding at the close of petitioner's case. Petitioner argues that the evidence presented on her behalf established a prima facie case that she was decedent's surviving spouse, and that when respondents failed to offer any evidence in rebuttal, she was entitled to a declaration that she was decedent's surviving spouse and heir.

■■ An examination of the record does not support petitioner's assertion that the trial court granted respondents' motion for a directed finding. While respondents did make such a motion, the record reveals that the trial judge thereupon asked respondents if they had anything else to offer. Respondents then introduced the aforementioned documentary evidence and rested. After hearing argument, the trial court ruled that petitioner had failed to establish that she was decedent's surviving spouse and dismissed the petition. The court did not state that it was granting respondents' motion for a directed finding. In any event, the trial court, in a trial without a jury, shall weigh the evidence in deciding a motion for judgment at the close of plaintiff's case. (*Allfree v. Estate of Rosenthal* (1969), 113 Ill.App.2d 90, 251 N.E.2d 792.) We believe that the trial court correctly determined that plaintiff had failed to establish that she was decedent's surviving spouse.

In the trial court, respondents argued that petitioner had failed to overcome the presumption of the validity of the subsequent ceremonial marriage; that because petitioner was legally married to Harry Dore, she was incapable of contracting a common-law marriage; and finally, that petitioner failed to satisfy the essential requirements in order to contract a valid common-law marriage. We deem it necessary to consider only respondents' final argument in order to demonstrate that petitioner failed to establish that she was the decedent's surviving spouse.

Both sides agree that prior to 1957 common-law marriages contracted in Michigan were valid and enforceable and carried the same civil rights

and obligations as a ceremonial statutory marriage. Michigan courts have held, however, that in order to establish a common-law marriage two elements are essential: one, a present agreement of the parties to take each other as husband and wife, and secondly, their subsequent cohabitation as husband and wife. (*Griffin v. Griffin* (1923), 225 Mich. 253, 196 N.W. 384; *Lockwood v. Lockwood* (1922), 220 Mich. 124, 189 N.W. 871.) The burden of proof is on the proponent to show that a present agreement exists between the parties to take each other as man and wife at the present time, not in the future. (*In re Meredith's Estate* (1937), 279 Mich. 298, 272 N.W. 683.) Evidence to establish a common-law marriage must be clear and convincing. *Brown v. Long Manufacturing Co.* (1921), 213 Mich. 221, 182 N.W. 124.

The fact that parties cohabit together and are known as husband and wife, although one element of common-law marriage, is not sufficient to establish such a marriage. A present agreement to take each other as husband and wife must also be established. In the present case, the record is devoid of any evidence indicating that there was an agreement between the petitioner and the decedent to take each other as husband and wife. Argie Post's testimony merely indicated that the parties cohabited together and held themselves out to be man and wife. The language of the Michigan Supreme Court in *Brown v. Long Manufacturing Co., supra,* at page 224 is pertinent:

> "We must also recognize that there are other couples  *  *  * living together as a mere matter of convenience or for other reasons and, who, as a matter of protection against criminal prosecutions or unfavorable comment, represent themselves to be husband and wife, and are known by the same name, although they never have consented to take each other as husband and wife.

The court did not err in finding that petitioner failed to establish that she was the surviving spouse of the decedent.

Petitioner next contends that the trial court erred in refusing to reopen the proof in order to permit petitioner to testify. In order to understand his argument, it is necessary to set forth a brief statement of what transpired a the close of the hearing.

After respondents introduced their documentary evidence, respondents' counsel announced that he rested. He then received permission to make a short statement in support of his motion to dismiss the petition. Petitioner's counsel interrupted the statement to comment that he understood that respondents' counsel had prepared a brief. Petitioner's counsel stated that he wished to examine the brief and to submit an answering brief. The trial judge gave petitioner 15 days to file an answering brief. Respondents' counsel pointed out that he had indeed prepared a trial

memorandum, but had not submitted it, and asked if the court wished him to file it. Petitioner's counsel indicated that it was up to the court as to whether the memorandum could be filed, and voiced no objection. The court allowed respondents to file the trial memorandum and continued the cause to August 23, 1972.

On that date, petitioner filed a motion requesting that the cause be reopened and that she be permitted to testify. The basis of the request was that the trial memorandum submitted by respondents contained a short introductory paragraph entitled "Facts" in which was set forth some testimony, including admissions, given by petitioner at a prior discovery deposition. Petitioner's motion admitted that under the dead man's statute she was incompetent to testify at the hearing, but argued that respondents, by filing the trial memorandum with its references to petitioner's deposition testimony, waived their right to object to petitioner testifying. The trial court denied the motion to permit petitioner to resume the trial and to testify. On the same date, the court dismissed the petition.

■■ Respondents did not introduce the petitioner's discovery deposition into evidence, nor did they offer the trial memorandum into evidence. Indeed, the record reveals that the memorandum was filed with the court only after all the evidence had been received, without objection on the part of petitioner's counsel, and almost at his request. The trial memorandum was not evidentiary in nature, and clearly was not filed by respondents for that purpose. Just as clearly, under the circumstances of its filing, the memorandum did not constitute, as petitioner claims, a "back door" effort to get petitioner's deposition testimony to the attention of the court. In *Gleneke v. Lesny* (1970), 130 Ill.App.2d 116, 264 N.E.2d 803, defendants supported their motions to open the judgment with affidavits, to which the plaintiff administrator made no objection. This court held that failure to object to defendants' affidavits did not amount to a waiver of application of the dead man's statute to defendants as witnesses at trial. Under the facts and circumstances of the present case, the filing of the trial memorandum did not constitute a waiver of respondents' objection to petitioner's competency to testify. The trial court correctly denied petitioner's motion to reopen the proof.

For the reasons stated, the order of the circuit court of Cook County is affirmed.

Order affirmed.

McGLOON and MEJDA, JJ., concur.